**WANDA TOMARKIN**, Respondent, v. **VITRON RESEARCH CORPORATION**, Appellant and Third-Party Plaintiff. **L. W. TOMARKIN**, Third-Party Defendant. —In an action by a former corporate officer and director to recover from the corporation sums of money alleged to have been loaned by her to it and the fair and reasonable value of services claimed to have been rendered by her to it, defendant appeals: (1) from an order of the Supreme Court, Rockland County, dated June 22, 1959, which grants plaintiff's motion for partial summary judgment pursuant to rule 114 of the Rules of Civil Practice; and (2) from the judgment entered thereon on June 24, 1959. Plaintiff relies on: (a) a promissory note drawn to her order and signed by the corporation "By Leandro W. Tomarkin, Pres."; (b) an agreement by the third-party defendant Tomarkin and one Casavina, dated June 20, 1957, to which plaintiff was not a party, recognizing that there may be some money owing from defendant to plaintiff; and (c) a letter addressed to plaintiff and said Leandro W. Tomarkin (who are husband and wife), stating that an examination of the corporate defendant's books indicates that $2,500 was loaned to the corporation by plaintiff. The answer contains denials and sets up separate defenses affecting the validity of the promissory note and alleges affirmative conduct on the part of plaintiff indicating that there is no liability on the part of defendant to plaintiff. Order and judgment reversed, with $10 costs and disbursements, and motion for partial summary judgment denied. In view of the fiduciary relationship existing as a

result of plaintiff's connection with the corporation as stockholder, director and officer, requiring, as it does, that all transactions between her and the corporation be explained fully and casting upon her the burden of showing that no advantage has been taken of her position, we are of opinion that under the circumstances disclosed by this record the documentary evidence adduced does not negative beyond all question the issues raised by the answer, and that triable questions of fact are presented (*Wohl* v. *Miller*, 5 A D 2d 126). Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.