Memorandum. The order of the Appellate Division should be affirmed.
Appellant insurer brought an action against its assured to recover the amount of premiums which would have been due under a policy of marine insurance had the assured declared all shipments which might have been covered under the policy. The assured entered a general denial and set it up as an affirmative defense that under applicable English law an insurer could not maintain a direct action against the assured for nonpayment of premiums, being obliged rather to proceed through the procuring broker.
After depositions had been táken respondent assured moved for summary judgment, asserting in its original supporting affidavits that such a direct action was barred. By answering affidavits the insurer contended that the theory of its complaint was not, as the assured had misapprehended, that of an action for premiums (which it impliedly conceded would not lie), but was rather for breach of contract for failure on the part of the assured to declare all shipments which might have been covered. By reply affidavit the assured asserted that under English law, even under this new theory, there was no obligation under the documents in this case to declare all shipments. By "Rejoinder Affidavit”, the insurer did not controvert the assured’s contention as to applicable English law. Rather the insurer contented itself to argue that the assured’s assertions were irrelevant since the motion for summary judgment had initially been grounded on a different argument, not responsive to the insurer’s present theory of its claim.
We conclude that on the record before us, appellant insurer has failed on the pleadings and affidavits in opposition to the motion for summary judgment to raise a triable issue. Whatever may be the applicable English law (although they differ as to what the English law should be found to be, both parties agree that there are no English decisions on point), the statement thereof as set forth in the assured’s affidavit has not been controverted in the affidavits of the insurer and thus is not a triable issue. Resort may not now be had to briefs or postargument memoranda to supplement the record or to *863 import a triable issue not otherwise presented (contrast CPLR 3212, subd [f]).
Additionally we observe that the assured’s notice of motion did not specify the theory on which the summary relief was requested. We know of no principle which would thereafter limit the moving party to the ground advanced in its original affidavits, particularly where the insurer itself contended that the theory of its complaint had been misapprehended. An application for summary judgment is to be determined on all the papers before the court (CPLR 3212, subd [b]).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.