■ MATTHEW RUSSO et al., as Members of the Lido Beach Civic Associ-

ation, Inc., and in the Right of Said Association, and on Behalf of All Other Members Similarly Situated, Appellants, v PETER ZAHARKO et al., Respondents.—In an action by persons constituting at least 5% of the membership of the defendant Lido Beach Civic Association to recover the amount of certain legal fees and expenses, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated November 6, 1975, which granted defendants' motion for summary judgment. Order reversed, with $50 costs and disbursements, and motion denied. In this derivative action, plaintiffs, who constitute at least 5% of the membership of the defendant Lido Beach Civic Association (the Association), a corporation organized under the Not-For-Profit Corporation Law, seek to recover the amount of legal fees and expenses paid by the Association allegedly for the sole and exclusive benefit of the individual defendants, Peter and Mary Zaharko and Richard and Marie Rafferty, who are also members of the Association; Peter Zaharko and Marie Rafferty are also directors thereof. One answer was served on behalf of the defendants, who thereafter successfully moved for summary judgment pursuant to CPLR 3212. Throughout this action, both at Special Term and on this appeal, the Association and the individual defendants have been represented by the same firm of attorneys. Plaintiffs' appeal from the order of Special Term which granted defendants' motion for summary judgment and dismissed the complaint, presents issues with respect to the dual representation of the Association and the individual defendants and with respect to the sufficiency of the documentary evidence. Plaintiff Nathan Goodman is the owner of a corner plot in Lido Beach. The abutting parcels to the north and east are owned respectively by the Zaharkos and the Raffertys. A local zoning ordinance required that an accessory garage on a corner plot be built "not less than five (5) feet from any side line". Goodman proposed to erect a garage five feet from his eastern boundary line, but only two feet from the northern boundary. His application for a variance was opposed by the individual defendants, who were represented by Robert M. Stein, Esq. Goodman subsequently withdrew that application and applied for and received a permit. The individual defendants, again represented by Stein, filed an unsuccessful appeal with the Board of Zoning Appeals of the Town of Hempstead. Before the board, Stein stated, on the record, that while the Association was not an appellant per se, he represented it and had been retained by it and that it was paying all legal fees and disbursements. After the appeal was dismissed by the board, Goodman, as a member of the Association, demanded, through his attorney, in a letter dated July 12, 1974, that the Association recover the fees and related expenses paid to Stein. The Association made no response. Thereafter the defendants brought an article 78 proceeding against Goodman and the board of zoning appeals. Stein again represented the defendants and the Association paid his fees and expenses. The petition was dismissed by a judgment entered March 10, 1975; the Association appealed and this court affirmed the judgment (*Zaharko v Goodman,* 51 AD2d 754). In March, 1975 plaintiffs commenced this action to recover the legal fees and expenses paid to Stein by the Association. The answer filed on behalf of all defendants by the law firm Meyer, English and Cianciulli, *P. C.,* which also represents the defendants on this appeal, alleges that the individual defendants' appeal to the board of zoning appeals and the article 78 proceeding were brought by the individual defendants "at the behest of and for the benefit of" the Association. The answer includes the affirmative defense that the complaint fails to state a cause of action. Issue was joined on April 23, 1975. By letter bearing the same date, Stein wrote to the Supervisor of the Town of Hempstead

urging an amendment to the zoning ordinance which would prohibit the erection of a garage on a corner plot within five feet of any "property line" rather than of any "side line". In August, 1975 defendants moved for summary judgment pursuant to CPLR 3212. Their supporting papers consist of the affidavit of one Gloria Pollock, a director and former president of the Association, which is made in partial reliance upon a letter dated March 27, 1974 and the accompanying memorandum of William Stevens, Esq., a member of the Association, a portion of the minutes of the board of zoning appeals, dated July 10, 1974, in which Stein informed the board that he represented the Association, which had retained him and was paying all legal fees and disbursements, and a copy of Stein's letter dated April 23, 1975 to the Supervisor of the Town of Hempstead. The defendants claim that the actions taken by them, and their retention of Stein to oppose the Goodman permit, were in accord with the purpose of the Association, as expressed in its charter, which is to promote the welfare of the residents of Lido Beach. Noting that a civic association lacks standing* to challenge the issuance of a building permit, Pollock states that "it has become the custom of the Civic Association to maintain such proceedings in the name of individual members who are also property owners having a direct, legal interest in the matter under challenge. In the past ten years, there have been approximately twenty separate instances in which the Civic Association has maintained proceedings to review zoning matters in the name of individual members, whose attorney was selected and paid by the Civic Association." She avers that, prior to Goodman's application for a permit, the ordinance had been interpreted by the building department to require that an accessory garage on a corner lot be set back at least five feet from each of the lot lines other than the fronts, whereas the permit issued to Goodman requires a five-foot setback only on the easterly line and permits a two-foot setback on the northerly line. In his letter dated March 27, 1974 and in his memorandum, which was apparently sent to members of the Association's board of directors, Stevens noted his opposition to this interpretation of the ordinance, and said that he knew of no previous instance in which this interpretation was applied and that it had no rational basis, because "overcrowding often follows an appearance of overcrowding." After expressing his "understanding that our Board has retained Stein to oppose the application" for a variance, he recommended that the Association oppose the erection of the garage even if separate action were required and recommended that the Association adopt a motion to continue and enlarge its retainer with Stein to oppose any construction of a garage with only a two-foot setback. Pollock states that the Association's board shortly afterwards "resolved to engage attorney Stein" to challenge the issuance of the permit and that after the board of appeals sustained the permit, the directors resolved on August 26, 1974 that Stein be authorized to begin an article 78 proceeding. She notes that the legal expenses amounted to $3,850, plus disbursements, and that the Association had expended an additional $750 for the preparation of the record on appeal from the judgment in the article 78 proceeding. Plaintiff Goodman's opposing affidavit notes the absence of: (1) affidavits by the individual defendants; (2) details of the other alleged instances in which the Association maintained proceedings to review zoning matters in the names of individuals; and (3) copies of the Associa-

---

* The events herein took place prior to the decision in *Matter of Douglaston Civic Assn. v Galvin* (36 NY2d 1), which gave associations such as the defendant Association standing to bring such suits.

tion's minutes wherein the resolution to oppose the building permit was adopted. He states that he intends to offer proof at the trial that Zaharko offered to sell him a strip of land to avoid a problem under the ordinance. He urges that the dual representation of the Association and the individual defendants is improper. The reply affidavit is by defendants' counsel. He states that dual representation is appropriate in the early stages and that, if summary judgment is denied, the firm will represent either the Association or the individual defendants. He refers to the challenged omissions in the moving papers as "random irrelevancies" which do not warrant the expense of a defense. Of Zaharko's purported offer to sell land to the plaintiff Goodman, he states merely that it "does not amount to a legally effective claim of misconduct, sufficient to raise a triable issue," and that it would at most warrant a denial of summary judgment as to Zaharko but not as to the Association. By order dated November 6, 1975 Special Term granted summary judgment to the defendants and dismissed the complaint. An attorney who simultaneously represents two or more clients with adverse interests may be disqualified from appearing or may be permitted voluntarily to withdraw (31 ALR3d 720). Although in a derivative action the corporation is usually a passive litigant, in particular cases the relief sought may require an appearance and answer by the corporate defendant. Such appearance must be by independent counsel whose interests will not conflict with those of the individual defendants (*Garlen v Green Mansions,* 9 AD2d 760, mot for lv to rearg den 10 AD2d 557; *Langer v Garay,* 30 AD2d 942, 943; cf. *Hausman v Buckley,* 299 F2d 696). Whether representation of the Association by independent counsel is required in this case presents a triable issue of fact. A party who occupies a fiduciary position in relation to a corporation has the burden of explaining all transactions fully and of showing that no advantage has been taken of his position. For such a party to be granted summary judgment, the documentary evidence must negate the issues beyond all question. *(Tomarkin v Vitron Research Corp.,* 12 AD2d 496; *Wohl v Miller,* 5 AD2d 126). At bar, plaintiffs allege that the actions taken and the legal fees paid were for the exclusive benefit of the individual defendants. The Association, which is active in the defense while the individual defendants are passive, claims that the actions with their attendant expenses were to further the purposes of the Association. The moving papers refer to three instances of Stein's engagement by the Association in connection with the Goodman permit: (1) Stein's retention to oppose the application for a variance; (2) the extension of his retainer to include an appeal from the issuance of the permit; and (3) the further extension of his retainer to cover the institution of an article 78 proceeding to review the determination of the board of zoning appeals. While this implies the passage of three appropriate resolutions, the sole documentation with respect to the first is Stevens' "understanding" that the Association had retained Stein, as expressed in Stevens' letter, and the sole documentation with respect to the second is Pollock's statement that the Association "resolved to engage" him. Defendants have furnished no other information whatsoever with respect to these two resolutions. With regard to the third resolution, the sole documentation offered is Pollock's reproduction, *in haec verba,* of a purported resolution dated August 26, 1974. Defendants have not submitted copies of the resolutions per se or of the pertinent minutes with respect to any of the three resolutions. There is no information to support the defendants' claim that it has been the long-standing custom of the Association to maintain such proceedings in the name of individual members who are also property owners having a legal interest in the matter under challenge, other than

Pollock's statement that the Association has taken similar steps in 20 other cases over a period of more than 10 years and Stevens' exposition of a prior instance which, Stevens stated, was different from the Goodman case. There are no affidavits by the individual defendants. Further, after being challenged by the opposing affidavit, the defendants' reply is an attorney's affidavit which is limited to statements that the Association is avoiding unnecessary expense and that Zaharko's undenied offer to sell land to Goodman is not a legally effective claim of misconduct; the reply ignores the original retention of Stein and again omits to supply documentary support for any of the resolutions. Even assuming that documentary evidence of the August 26, 1974 resolution is sufficient, that resolution was preceded by Goodman's demand, contained in his attorney's letter dated July 12, 1974, that the Association recover the fees and related expenses. The moving papers leave unanswered the question whether Stein was retained by the independent action of the directors to further a legitimate purpose of the Association. Under the circumstances disclosed by this record, the documentary evidence is insufficient to demonstrate a lack of issues of fact. In our opinion, triable issues of fact, including the question of dual representation by counsel, are present. We have not considered the issue raised by plaintiffs for the first time on this appeal, namely, whether it was proper for the Association to pay the expenses of legal proceedings which it did not have standing to institute (cf. *Eagle Star Ins. Co. v International Proteins Corp.,* 38 NY2d 861). Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.