■ EDWARD SENFT et al., Respondents, v ANNE MCKENNA, Appellant, et al., Defendant.—In a mortgage foreclosure action, defendant Anne McKenna appeals from an order of the Supreme Court, Suffolk County, dated October 29, 1979, which, *inter alia,* denied her motion to vacate a judgment of foreclosure entered against her on default and to permit her to interpose an affirmative defense of usury. Order modified by deleting the provision thereof denying the appellant's motion, *inter alia,* to vacate a default judgment. As so modified, order affirmed, without costs or disbursements, and the matter is remanded to Special Term for a hearing in accordance herewith. The record reveals that in 1978 the husband of defendant Anne McKenna allegedly borrowed approximately $28,000 from the plaintiffs. Mrs. McKenna alleges that for purposes of making the loan, which included 18% interest per annum, and in order to avoid the laws prohibiting usury, a defunct realty company (Frente Realty, Inc.) was used as the primary borrower. A mortgage on the marital home which was solely in Mrs. McKenna's name was given by her to the plaintiffs to secure the loan. In this mortgage foreclosure action, wherein plaintiffs have obtained a judgment on default, Mrs. McKenna seeks to open the default on the grounds that, *inter alia,* the loan was usurious in that it was actually made to her as an individual and the proceeds thereof were for the purpose of discharging her and her husband's personal obligations, and she was never personally served with a copy of the summons and complaint in the foreclosure action. Serious questions of fact are raised in the record as to whether Mr. McKenna, an attorney, was, under the circumstances, able to accord his wife adequate legal services and advice. At the time the loan was made and during various proceedings in connection with the foreclosure action, he was under heavy financial pressure in connection with business ventures outside his law practice. Moreover, he had a disciplinary proceeding hanging over him for some time prior to his being suspended from practice by this court for a year effective September 1, 1979. According to Mrs. McKenna she never authorized her husband to appear for her, she never knew of the

underlying judgment of foreclosure on default until September 2, 1979, and one of the key motions made by her husband, to add a realty company as an additional defendant, thus vitiating the claim of nonservice of the summons and complaint, was made without her knowledge. It should be noted that there is evidence in the record tending to weaken Mrs. McKenna's claim that she did not consent to having her husband represent her in the foreclosure action, to wit, *inter alia,* they were both living at the marital home at the time the loan was made, when the bond and mortgage were executed and during a substantial period when the foreclosure was pending. Accordingly, the matter is remanded to Special Term to hear and determine whether (1) Mrs. McKenna was adequately represented by counsel, (2) she was properly served with a summons and complaint in the foreclosure action, and (3) depending upon the findings under one and two, whether she has demonstrated a defense in her moving papers sufficiently meritorious to warrant the opening of her default so as to interpose the affirmative defense of usury (cf. *Russo v Zaharko,* 53 AD2d 663, 666-667). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.