■ DOUGLAS S. MACKAY, Suing Derivatively for the Benefit of Long Island Lighting Company, Respondent, v CHARLES R. PIERCE et al., Appellants. — In a shareholder's derivative suit, defendants appeal from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered October 16, 1981, as (1) denied the branch of their motion which sought to dismiss the amended complaint for failure to state a cause of action and (2) granted the branch of plaintiff's cross motion which sought to disqualify defendants' attorneys from representing the corporate defendant. Order affirmed insofar as appealed from, with $50 costs and disbursements. On a motion to dismiss for failure to state a cause of action, the facts alleged in the complaint must be assumed to be true and the complaint liberally construed in plaintiff's favor (*Barr v Wackman,* 36 NY2d 371). The complaint charges, *inter alia,* that the individual defendants, as officers and directors of the corporate defendant, Long Island Lighting Company (LILCO), were negligent and breached their fiduciary duties in approving certain transactions between LILCO and Bokum Resources Corporation, in connection with agreements under which Bokum was to supply LILCO with uranium concentrates. The complaint charges waste of corporate assets in an amount in excess of $77 million. Defendants assert that plaintiff's demand upon the Board of Directors of LILCO, pursuant to subdivision (c) of section 626 of the Business Corporation Law, was unsatisfactory in that the board was not afforded a reasonable time within which to evaluate the charges and consider what course to take. In response to the demand, defendant Pierce, on behalf of the board of directors, informed plaintiff that the matter would be taken up at the next regular meeting of the board, two weeks hence. Plaintiff rejected this response as inadequate, and immediately commenced suit. Special Term found that plaintiff had satisfactorily complied with the requirements of the aforesaid statute. While under certain circumstances such a precipitate course as that taken by plaintiff may not be a satisfactory compliance with the spirit of the demand requirement, in this case we cannot say it was unwarranted. Although plaintiff chose to make a demand upon the board, the complaint reveals that in view of the nature of the action, charging an overwhelming majority of the directors with breach of their fiduciary duties, such a demand was not necessary (see *Barr v Wackman,* 36 NY2d 371, *supra*). This is a factor which should be considered in evaluating whether plaintiff was justified in deeming the response to his demand unsatisfactory. Resolution of the question of compliance with the demand requirement of subdivision (c) of section 626 of the Business Corporation Law is a matter within the sound discretion of the court. We cannot say in this case that Special Term abused its discretion. Likewise, we agree with Special Term on the question of disqualification of counsel from representing both the corporate defendant and the individual defendants. In view of the active role the corporate defendant has taken in seeking to dismiss this action brought for its benefit, it would be better served by having the advice of independent counsel (see *Russo v Zaharko,* 53 AD2d 663). Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.