■ DOUGLAS S. MACKAY, on Behalf of LONG ISLAND LIGHTING COMPANY, Appellant, v CHARLES R. PIERCE et al., Respondents, and RICHARD B. DANNENBERG et al., Appellants. — In a shareholder's derivative suit, plaintiff and his former counsel appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated August 4, 1981, which denied their motion to quash a subpoena duces tecum, and (2) granted the cross motion of defendant Long Island Lighting Company to compel disclosure. Order reversed, with $50 costs and disbursements, motion granted and cross motion denied. Defendants seek to compel disclosure from two of plaintiff's former counsel (at the time of the proceedings before Special Term, appellants Dannenberg and Selinger, and their firm Lowey, Dannenberg & Knapp, P. C., were still representing plaintiff) regarding four areas as to which they were alleged to have knowledge: "A. The grounds upon which plaintiff bases his Verified Complaint and the investigation upon which the Verified Complaint is predicated; B. Whether plaintiff and his counsel gave LILCO any meaningful opportunity to respond to the issues raised by them before they instituted suit; C. The fitness of Mr. MacKay to sue on behalf of LILCO in light of his close relationship with Lowey, Dannenberg, counsel to a class which is suing against LILCO; and D. Whether Lowey, Dannenberg can adequately represent LILCO in this derivative suit." Since the entry of Special Term's order two significant developments have occurred which affect this matter. First, as noted, the two attorneys sought to be deposed no longer represent plaintiff. Therefore, there is no longer any need to depose them regarding either plaintiff's relationship with their firm or whether that firm, due to an alleged conflict of interest, could adequately represent the corporation in this suit. Second, on the issue of whether defendants were afforded a meaningful opportunity to respond to the charges prior to institution of the suit, this court, in a related appeal in the same action, upheld the sufficiency of the demand made by plaintiff pursuant to subdivision (c) of section 626 of the Business Corporation Law (*MacKay v Pierce,* 86 AD2d 655). As to the remaining issue, while Special Term correctly found that "pretrial disclosure cannot be avoided because the information sought lies solely within the knowledge of plaintiff's counsel (*Hickman v Taylor,* 329 US 495, 504; Weinstein, Korn & Miller, NY Civ Prac, Vol 3A, § 3131.02, p 31-483)", in this case the evidence upon which the complaint is based is documentary evidence, obtained by counsel from assorted public documents and court files. Thus, it is not material solely within the knowledge of counsel. Accordingly, there are no special circumstances extant which would warrant disclosure from plaintiff's now former counsel (see CPLR 3101, subd [a], par [4]). O'Connor, J. P., Thompson, Niehoff and Rubin, JJ., concur.