■ K.S.L.A. CONSTRUCTION CORP., Appellant, v MICHAEL PACCIONE, Respondent, et al., Defendant. — In an action, *inter alia*, to recover damages for breach of contract, plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Goldberg, J.), dated April 4, 1983, as granted that branch of respondent's motion which sought partial summary judgment dismissing the first cause of action of the complaint as against him. ¶ Order reversed insofar as appealed from, on the law, without costs or disbursements, and respondent's motion denied in its entirety. ¶ Whether viewed as a motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) or a motion for partial summary judgment pursuant to CPLR 3212, Special Term erred in dismissing the first cause of action of the complaint as against respondent Michael Paccione. Construing the complaint liberally in favor of the plaintiff and assuming the truth of the factual allegations contained therein (see *MacKay v Pierce*, 86 AD2d 655), it sufficiently states a cause of action for breach of contract by the individual defendant to withstand a CPLR 3211 (subd [a], par 7) motion to dismiss (cf. *Walkovszky v Carlton*, 18 NY2d 414). Moreover, if viewed from the perspective of a summary judgment motion, the application should still have been denied pursuant to CPLR 3212 (subd [f]) on the ground that the information necessary to oppose it is exclusively within the knowledge of the moving party. Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.

■ LANDA, PICARD & WEINSTEIN, Appellant, v MARION RUESCH, Respondent. (And a Third-Party Action.). — In an action to recover attorney's fees, referred to arbitration pursuant to CPLR 3405, plaintiff appeals from an order of the Supreme Court, Nassau County (Vitale, J.), dated October 24, 1983, which, upon granting defendant's motion for reargument, vacated a prior order denying her motion to vacate an arbitration award, vacated the award, and restored the action for a new arbitration hearing. ¶ Order reversed, on the law, with costs, award reinstated and motion for reargument denied. ¶ Where a claim is referred for arbitration pursuant to CPLR 3405, the rules promulgated thereunder provide an award may be vacated *only* on the ground that the rights of the moving party were prejudiced because (1) there was corruption, fraud or misconduct in procuring the award; (2) the panel making the award exceeded its power or so imperfectly executed it that a final and definite award was not made; or (3) there was a substantial failure to follow the procedures set forth in the rules established for the conduct of such arbitrations (22 NYCRR 28.13). Defendant, who was in default on the arbitration, failed to establish the existence of any of these conditions. Moreover, we would note that the record is conspicuously devoid of any showing of a meritorious defense to the claim, a requirement on any application to vacate a determination made upon a default (see, generally, CPLR 5015, subd [a]; *County Asphalt v North Rockland Underground Corp.*, 96 AD2d 570). Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.