■ MIGUEL ANGEL CABRERA MARTINEZ, Respondent, v OEL REALTY CORP., Defendant/Third-Party Plaintiff-Respondent. TOWER INSURANCE COMPANY OF NEW YORK, Third-Party Defendant-Appellant. [978 NYS2d 159]—

Because the complaint's negligence allegations could not survive except for the assault, those claims are deemed to have arisen from the assault and are thus subject to the assault and battery exclusion (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 353 [1996]). The declaration pages of the policy clearly state that the policy was issued with a commercial general liability part and an endorsement called the "Assault and Battery Exclusion." The fact that the policy was issued without a liquor liability coverage part creates no ambiguity or confusion in the form itself, which still expressly states it applies to the commercial liability coverage part.

There is no issue relating to the applicability of the assault and battery exclusion because of a blank insurance company signature line at the foot of the endorsement. Where "the policy has been duly countersigned, an endorsement or rider which was a part of the policy when it was issued is valid even though not signed or countersigned by the insurer or its authorized

representative" (*Metalios v Tower Ins. Co. of N.Y.*, 77 AD3d 471, 472 [1st Dept 2010]). The certified renewal policy was also sufficient "to establish the existence of the policy and to invoke the presumptions that the terms of the renewal policy are identical to the terms of the policy being renewed" (*Estee Lauder Inc. v OneBeacon Ins. Group, LLC*, 62 AD3d 33, 39 [1st Dept 2009]).

OEL's affidavit, claiming that "OEL Realty Corp. was neither provided nor made aware of the assault and battery form" was insufficient to rebut this evidence (*Employers' Liab. Assur. Corp. v Gotham Hotels*, 38 AD2d 810, 810 [1st Dept 1972]). Issues concerning policy mailing are factual and cannot be considered for the first time on appeal (*see Lindgren v New York City Hous. Auth.*, 269 AD2d 299, 303 [1st Dept 2000]). Concur—Gonzalez, P.J., Tom, Renwick, Manzanet-Daniels and Feinman, JJ.