Burlington Ins. Co. v Tour Cent. Park, Inc. (2021 NY Slip Op 02739)





Burlington Ins. Co. v Tour Cent. Park, Inc.


2021 NY Slip Op 02739


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische J.P., Mazzarelli, Oing, González, JJ. 


Index No. 655036/19 Appeal No. 13737 Case No. 2020-04128 

[*1]The Burlington Insurance Company, Plaintiff-Respondent,
v
Tour Central Park, Inc., Defendant-Appellant.


Pardalis & Nohavicka, LLP, New York (Joseph D. Nohavicka of counsel), for appellant.
Soffer, Rech & Borg, LLP, Mineola (Michael A. Borg of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered May 19, 2020, which granted plaintiff The Burlington Insurance Company's (Burlington) motion for summary judgment on the issue of liability and set the matter down for an inquest for the determination of damages, unanimously affirmed, without costs.
Burlington made a prima facie showing of its entitlement to summary judgment as a matter of law by submitting an affidavit of its premium audit and accounts receivable manager, along with a certified copy of the insurance policy, the audit performed by Burlington at the office of insured defendant Tour Central Park Inc.'s (Tour) accountant, and the statement of account (see Evanston Ins. Co. v Po Wing Hong Food Mkt., Inc., 21 AD3d 333, 334 [1st Dept 2005]; Commissioners of State Ins. Fund v Concord Messenger Serv., Inc., 34 AD3d 355, 355 [1st Dept 2006]; Burlington Ins. Co. v Central Line Constr. Inc., 2011 WL 2283788, 2011 NY Slip Op 31435[U] [Sup Ct, Queens County [2011]).
Tour fails to raise issues of fact as to liability as the Burlington policy, a standardized contract of adhesion, is "prepared and executed by the insurer but is not signed by the assured who merely 'adheres' to the formal document and is bound by its terms" (Eagle Star Ins. Co. v International Proteins Corp., 45 AD2d 637, 639, [1st Dept 1974], affd 38 NY2d 861 [1976]). The certified policy included in the record on appeal was sufficient to fulfill Burlington's disclosure requirements (CPLR 3101[f]; Martinez v OEL Realty Corp., 113 AD3d 418, 419 [1st Dept 2014]; Russo v Rochford, 123 Misc 2d 55, 68-69 [Sup Ct, Queens County 1984]). Issues concerning policy mailing are factual and cannot be considered, as here, for the first time on appeal (Martinez, 113 AD3d at 419).
Tour had the duty to read the insurance policy or have it read to it, as well as the duty to correct any inaccuracies present on the insurance application (see Chai-Chen v Metropolitan Life Ins. Co., 190 AD3d 635, 636 [1st Dept 2021]). Had Tour done so, the notation that the "Auditable" box was checked on the declarations page and the "Premium Audit" language contained in Section IV, Paragraph 5 of the Commercial General Policy Form, would have provided notice that the policy premium was subject to audit.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021