Concord Am. Autosales, Inc. v Nussbaum (2021 NY Slip Op 50847(U))

[*1]

Concord Am. Autosales, Inc. v Nussbaum

2021 NY Slip Op 50847(U) [72 Misc 3d 142(A)]

Decided on August 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1429 K C

Concord American Autosales, Inc.,
Appellant,
against
Marcus A. Nussbaum, Esq., Respondent. 

Law Office of Robert Bondar (Robert Bondar of counsel), for appellant.
Marcus A. Nussbaum, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), dated April 8, 2019. The order granted defendant's motion to dismiss the
complaint, without prejudice.

ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil
Court for a new determination of defendant's motion to dismiss the complaint, in accordance
with this decision and order.
Plaintiff, a Canadian corporation, previously employed defendant attorney to represent it in
an action in federal court (Concord American Auto Sales, Inc. v USA Intercargo LLC,
index No. 15-CV-00487 [D NJ] [the federal court action]). In 2017, the federal court action was
settled but the parties to this action were unable to agree about the fee to which defendant was
entitled. Plaintiff contended, in pertinent part, that, under the parties' retainer agreement,
defendant was entitled to be paid 30% of the net settlement sum after subtracting plaintiff's
litigation costs and expenses. Defendant, on the other hand, asserted that, under the agreement,
he was entitled to 30% of the gross settlement sum. On May 31, 2017, plaintiff requested
arbitration of the parties' fee dispute before the Brooklyn Bar Association (BBA) pursuant to the
New York State Fee Dispute Resolution Program (see Rules of Chief Admin of Cts [22
NYCRR] Part 137). The BBA's notice of arbitration hearing dated August 17, 2018 stated that
the parties' fee dispute would be arbitrated on September 17, 2018 at the BBA, and that: "Within
ten (10) days of receipt of this notice you must confirm your attendance at this hearing with the
administrative office of the [BBA] . . . ." Plaintiff never responded to the notice and failed to
appear on the scheduled [*2]arbitration date, whereupon the
arbitrators rendered an award dismissing its claim. 
Within 30 days of the mailing of the arbitrators' decision, plaintiff commenced this action,
seeking de novo review of the parties' fee dispute and a judgment against defendant. Defendant
moved to dismiss the complaint, arguing that, because plaintiff had defaulted at the arbitration, it
was barred under the Rules of the Chief Administrator of the Courts (22 NYCRR) Part 137 from
seeking de novo review of the arbitral award in court. Defendant further asserted that the action
should be dismissed because it was precluded under CPLR 3211 (a) (1) and (5) by the arbitration
and award; under CPLR 3211 (a) (2) because plaintiff, having defaulted at the arbitration, was
barred from commencing an action in court; under CPLR 3211 (a) (5) because the issue of
defendant's fee had been resolved in the federal court action; and under CPLR 3211 (a) (7)
because the parties' retainer agreement disproved plaintiff's cause of action and mandated the
dismissal of the complaint.
In opposition to defendant's motion, plaintiff submitted the affidavit of its president,
Gennady Tcherny, who provided documents showing that, between May 31, 2017 and the
arbitration date, he had repeatedly inquired of the BBA concerning the arbitration date. Tcherny
asserted that he had not received the notice of arbitration in advance of the arbitration date; that
because of such nonreceipt he had not confirmed that he would attend the arbitration hearing, as
the notice required; and that he had first learned of the September 17, 2018 arbitration date on
October 3, 2018, when he received an email from the BBA which informed him of the arbitration
award. Tcherny provided the court with a printout of his October 9, 2018 email to the BBA, in
which Tcherny stated that the BBA's August 17, 2018 letter, informing plaintiff of the arbitration
date, and its September 25, 2018 letter, informing plaintiff of the arbitration award, had both
been misdelivered to a next-door tenant who had been absent until October 9, 2018, and who,
upon his return, had brought the misdelivered mail to Tcherny. Tcherny's emails also
demonstrated that, upon learning of the arbitrators' award dismissing plaintiff's claim, he had
unsuccessfully requested that the arbitration be rescheduled. Tcherny argued that, because there
had been good cause for plaintiff's default, plaintiff was entitled to bring an action for de novo
review of plaintiff's claim in the Civil Court. He also asserted that, under the terms of the parties'
retainer agreement, defendant was only entitled to base his fee on the net settlement sum.
Tcherny denied that there had been a final determination of the parties' fee dispute in the federal
court.
By order dated April 8, 2019, the Civil Court granted defendant's motion to dismiss the
complaint, without prejudice, upon a finding that plaintiff should have moved to vacate the BBA
award and its dismissal of plaintiff's claim, rather than bringing a plenary action in the Civil
Court for the same relief.
The Civil Court failed to cite a basis upon which plaintiff could have sought vacatur of the
BBA arbitration award. CPLR 7511 sets forth grounds for seeking the vacatur of an arbitration
award, which grounds do not, however, include vacatur on the ground that there was good cause
for a default. The rules governing the mandatory submission of actions to arbitration [*3]also include a specific provision for the vacatur of awards rendered
on default (see Rules of Chief Judge [22 NYCRR] § 28.7]). By contrast, the rules
for the Fee Dispute Resolution Program, through which the present matter was submitted to
arbitration, do not contain any provision for the vacatur of awards rendered on default
(see Rules of Chief Admin of Cts [22 NYCRR] Part 137).
The rules for the Fee Dispute Resolution Program do, however, provide that "[a] party
aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a
court of competent jurisdiction within 30 days after the arbitration award has been mailed"
(Rules of Chief Admin of Cts [22 NYCRR] § 137.8 [a]), but foreclose de novo review to
any party who failed to participate in the arbitration hearing, "absent good cause for such
failure to participate" (Rules of Chief Admin of Cts [22 NYCRR] § 137.8 [b] [emphasis
added]; accord Standards and Guidelines promulgated by the Board of Governors of the
New York State Attorney-Client Fee Dispute Resolution Program § 12 [c]). The rules
provide no guidance as to when, how, where, or even whether, in the first instance, a defaulting
party must demonstrate "good cause" for its failure to participate in the arbitration. Given the
30-day time constraint to commence an action for de novo review of an arbitration award
rendered under the Rules of the Chief Administrator of the Courts (22 NYCRR) Part 137,
together with the lack of prior judicial involvement in such a proceeding, we conclude that a
finding of "good cause" for the failure to participate in the arbitration is not a precondition for
bringing an action on the merits of a fee dispute in a court of competent jurisdiction after an
arbitration award has been rendered. 
On a motion to dismiss a complaint, a defendant must demonstrate, prima facie, a basis for
dismissal, whereupon the burden shifts to the plaintiff. Since a defaulting party is not entitled to
seek a trial de novo of a fee dispute under the Rules of the Chief Administrator of the Courts (22
NYCRR) Part 137 absent "good cause" for its default (see Rules of Chief Admin of Cts
[22 NYCRR] § 137.8 [b]), we find that plaintiff's undisputed nonparticipation at the
arbitration hearing was a sufficient basis to establish, prima facie, defendant's entitlement to
dismissal of the complaint, and to shift the burden to plaintiff both to demonstrate the existence
of "good cause" for defaulting at the arbitration hearing and that it had a meritorious cause of
action (cf. Landa, Picard & Weinstein v Ruesch, 102 AD2d 813 [1984]). 
We conclude that the Civil Court erred in determining defendant's motion to dismiss the
complaint on the sole basis that plaintiff had failed to seek vacatur of the arbitration award, since
there was no statutory or regulatory avenue by which plaintiff could have sought such vacatur.
The applicable rule did entitle plaintiff to seek de novo review in a court of competent
jurisdiction, provided that it had "good cause" for its default at the arbitration hearing—an
issue defendant implicitly raised by his motion to dismiss the complaint, and which issue
plaintiff addressed in its opposition papers, but which the Civil Court failed to determine. 
We reach no other issue.
Accordingly, the order is reversed, and the matter is remitted to the Civil Court for a new
[*4]determination of defendant's motion to dismiss the complaint,
in accordance with this decision and order.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2021