POLLITZ v. WABASH R. CO. et al.

(Supreme Court, Appellate Division, First Department.   May 31, 1912.)

1. CORPORATIONS (§ 426*) — STOCK — ISSUANCE — RATIFICATION BY STOCK-
HOLDERS.

Issuance of stock by railroad directors in exchange for other stock is subject to ratification by the stockholders, acting with knowledge of the transaction.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1596, 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. § 426.*]

2. CORPORATIONS (§ 189*)—STOCK—ISSUANCE—RATIFICATION BY STOCKHOLDERS
—PLEADING.

In an action against railroad directors for an accounting under a transaction whereby they issued stock in exchange for other stock to their own benefit, answers sufficiently show knowledge of the transaction by the stockholders when they are claimed to have ratified it, where they allege the transaction was fully reported to the stockholders and bondholders, etc.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 706–722; Dec. Dig. § 189.*]

3. ACTION (§ 7*)—PURPOSE IN SUING.

Plaintiff's purpose in suing is immaterial, if he shows an absolute legal right to relief.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 8; Dec. Dig. § 7.*]

Appeal from Special Term, New York County.

Action by James Pollitz against the Wabash Railroad Company and others.   From the judgment, plaintiff and defendant company and other defendants appeal.   Modified and affirmed.

See, also, 142 App. Div. 755, 127 N. Y. Supp. 782.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, MILLER, and DOWLING, JJ.

J. Aspinwall Hodge, of New York City, for appellant Pollitz.
John Larkin, of New York City, for appellant Hubbard.
Graham Sumner, of New York City, for appellant McHarg.
Rush Taggart, of New York City, for respondents Wabash R. Co. and others.

DOWLING, J.   [1] Plaintiff, a stockholder of the Wabash Railroad Company, suing in its right on behalf of himself and all other stockholders similarly situated, attacks as fraudulent a transaction by which the directors of the company caused to be issued $10,000,000, par value of its common stock in consideration of the receipt by it of $10,000,000, par value of the common stock of the Pittsburgh Terminal Company, claimed to be without value, and which latter company contemporaneously transferred the aforesaid Wabash Railroad stock, with $33,400,000 in par value of its own bonds to the so-called "Toledo Syndicate" for the consideration of $20,000,000; the defendant directors being members of said syndicate and participating in the division of the securities thus received.   It is charged that the entire transaction was a fraudulent scheme, arranged by the defendant directors of the Wabash Railroad, by which they received stock

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of that corporation without paying any consideration therefor. The complaint prays judgment in the sum of $10,000,000 damages and for an accounting.

The questions presented upon this appeal involve the sufficiency of certain separate defenses, contained in the answers of the defendants. One of these is that the transaction complained of was ratified by a majority vote of the stockholders of the company. This appears as the second defense in the answers of the Wabash Railroad and Mc-Harg, and as the first defense in the answers of Pierce, Terry, Gould, and Hubbard. The learned court at Special Term deemed ratification a good defense if properly pleaded, and deeming it so pleaded in the answer of the defendant McHarg, overruled the demurrer thereto, but sustained the demurrer to the other defenses. We agree in the conclusion that the transaction complained of was one which was voidable only and which could lawfully be ratified by the stockholders of the corporation, with knowledge of the details thereof, for this is not a case of fictitious issue of corporate stock, but one of an issue of stock in exchange for property, the real value of which is a matter of opinion and judgment. Memphis & Little Rock Railroad Co. v. Dow, 120 U. S. 287, 7 Sup. Ct. 482, 30 L. Ed. 595; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Burden v. Burden, 159 N. Y. 287, 54 N. E. 17; Continental Insurance Co. v. N. Y. & Harlem R. R. Co., 187 N. Y. 225, 79 N. E. 1026.

[2] But we find that the defenses to which the demurrers have been sustained sufficiently plead knowledge of the transaction upon the part of the stockholders when they are alleged to have ratified it. It is true that the statement is omitted which appears in the McHarg answer, that the proposed annual report then read to the meeting contained "a full statement of the circumstances under which and the consideration for which said $10,000,000 par value of the common stock of the Wabash Company had been issued." But taking as an example the second defense of the Wabash Railroad Company, it sets forth at length the proposal of the Pittsburgh-Toledo Syndicate referring to the purchase and sale of the securities; its transmission to the executive committee and board of directors of the railroad and acceptance by them after full consideration; the carrying out of the plan; the submission for inspection by the stockholders and debenture mortgage bondholders present or represented at a meeting in October, 1904, of all the records of the executive committee and board of directors setting forth the action taken by them and containing the acceptance of the offer of the syndicate and the adoption by the unanimous vote of those present (comprising 79 per cent. of the stockholders and 73 per cent. of the debenture mortgage bondholders) of a resolution approving and confirming all action taken by the board of directors and executive committee; the submission for consideration at the same meeting of a form of proposed annual report of the company for the fiscal year ending June 30, 1904, "which said report contained a full statement of the transactions had by this defendant with the Pittsburgh-Toledo Syndicate." The said report is set forth in full, and it is then alleged that it was approved by the unanimous vote

of those present. Certain subsequent acts of ratification are then pleaded. We believe that the answers of all the defendants pleaded sufficient facts to make a good defense of ratification. The judgment appealed from should therefore be affirmed in so far as it overruled the demurrer to the second defense of the defendant McHarg, and reversed in so far as it sustained the demurrers to the second defense of defendant Wabash Railroad Company and to the first defense of defendants Pierce, Terry, Gould, and Hubbard. We agree with the disposition made of the other demurrers, and the judgment appealed from will therefore in all other particulars be affirmed.

[3] In so doing, we would call attention to the fact that the defenses sought to be interposed attacking the good faith of the plaintiff herein, and attributing improper motives to him in bringing this action, were properly held to constitute no answer to his complaint. Where a plaintiff establishes his absolute legal right to the relief which he demands and is personally interested in the outcome of the litigation, his motive in enforcing his right is immaterial. The cases wherein plaintiff's motive, when shown to have been an improper one, has been held to bar his right to relief, temporary or permanent, are those where he has sought the exercise in his behalf of the discretionary power of the court and has asked its assistance as a favor, and not demanded it as a right.

The judgment appealed from will therefore be modified by overruling the demurrers to the second defense of the Wabash Railroad Company and to the first defense of Pierce, Terry, Gould, and Hubbard, and as so modified it is affirmed, without costs. All concur.