OPINION OF THE COURT
Martin Evans, J.
Defendants in this purported shareholder derivative action move to dismiss the complaint on the ground that plaintiff is not a proper representative.
Plaintiff, Laura Steinberg married defendant Saul Stein-berg, the principal and chief executive officer of the corporate defendant, in December, 1978. The couple separated in February, 1980 and have since been involved in acrimonious matrimonial litigation. The attendant disputes *721 over division of property, custody of their infant child and occupancy of the former marital apartment have been punctuated by police and judicial intervention. Settlement negotiations have been fruitless. Plaintiff has also initiated a false arrest and malicious prosecution action against defendant, his matrimonial attorneys and others stemming from one such incident.
Plaintiff bases her standing in the derivative action on her present ownership of a substantial number of Reliance shares, acquired during the course of the marriage. (Business Corporation Law, § 626.) Such stock ownership, although an absolute precondition to the maintenance of the action, does not automatically entitle a shareholder to sue derivatively. Because she seeks to use a remedy designed to vindicate rights of the corporation and the other shareholders, she makes herself a fiduciary. And, because of the res judicata effect as against the corporation, which derivatively binds the absent shareholders, such a derivative action takes on the attributes of a class action. The plaintiff must therefore demonstrate that she will fairly and adequately represent the interests of the shareholders and the corporation, and that she is free of adverse personal interest or animus. (See Auerbach v Bennett, 64 AD2d 98, mod 47 NY2d 619.) The court on this motion must therefore scrutinize the nature of both the claims asserted and the party attempting to assert them.
The gravamen of plaintiff’s complaint is that defendant breached his fiduciary duty to the corporation by wasting and converting corporate assets, by misappropriating corporate opportunities, and'by thereby subjecting the corporation, as well as himself, to possible criminal and civil liability. Among the alleged improprieties are the diversion of a profitable opportunity to construct bus stop shelters to another corporation; squandering of corporate funds to obtain the trappings of an ostentatious lifestyle, including a lavishly furnished Park Avenue co-operative, a personal jet, a large private security force and illegal drugs; payment of “excessive” compensation and expense allowances while having failed to attend corporate meetings; and misappropriation of corporate funds to bribe public officials and ille *722 gaily making cash contributions to political campaigns. Plaintiff seeks an accounting and restitution.
Not only has plaintiff not demonstrated that she would fairly and adequately pursue these claims to the benefit of the corporation and the other minority shareholders, but the record before the court convincingly demonstrates that, as a result of her own past actions and present position, her maintenance of this action is so fraught with such conflict of interest as to be legally impermissible. First, her offer to discontinue outstanding litigation on the condition that she be paid a premium of approximately one million dollars above market value for her outstanding shares evinces a possibility, and indeed, a likelihood, that the instant action would be discontinued with prejudice before its conclusion, possibly foreclosing other shareholders from pursuing the wrongs plaintiff alleges. Second, it indicates a strong financial inducement for her to settle on terms advantageous to her as an individual, rather than as a fiduciary — and indeed, at very least, a willingness if not an intent, to personally profit from the litigation. (See G. A. Enterprises v Leisure Living Communities, 517 F2d 24.) In fact, the circumstances in their totality strongly indicate that the derivative action was deliberately instituted to obtain leverage in the" matrimonial proceeding, as a “weapon in the total * * * arsenal”. (G. A. Enterprises v Leisure Living Communities, supra, p 26.) The court notes that plaintiff is in error in arguing that underlying motivation is irrelevant to standing. While motivation in bringing an action ordinarily does not bar one legally privileged to bring it, to cite such a hornbook concept here is to merely beg the question at hand: whether, by reason of conflict of interest, plaintiff lacks legal capacity to act as a fiduciary.
Moreover, equitable principles should estop plaintiff from derivatively challenging the questioned expenditures if she participated in, and benefited from them. (Diamond v Diamond, 307 NY 263.) Certainly, both she and defendant shared together the extravagant lifestyle she claims was financed by the corporation she here seeks to represent. Indeed, they occupied as their marital abode the lavishly furnished co-operative apartment, which according to her *723 analysis here, should be deemed a corporate asset. Plaintiff thus comes to this court with unclean hands. Not only has she profited from the misappropriation of which she now complains, her settlement offer indicates a desire to profit once again from the same kind of wrong.
Furthermore, assuming plaintiff’s allegations are true, as the court must on a motion to dismiss, it is conceivable that plaintiff, as well as defendant, could both become co-defendants in a suit for restitution or the imposition of a constructive trust over personally held assets derived from misapplied corporate funds. (See Restatement, Restitution, § 138, subd [2].)
Finally, her legal position vis-a-vis the questioned assets and expenditures here is directly opposite her posture in the matrimonial litigation. As a result, upon the trial of a matrimonial action, she may be judicially estopped from proving that the apartment, furnishings and expense allowances — in short, the lifestyle to which she has become accustomed — were personal property (jointly, or of her husband) in whch she can claim a right.
The complaint is accordingly dismissed.