OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the plaintiff for an order directing that the adverse interest of the defendants be represented by independent counsel is granted. It is further ordered that this cross motion by the defendants Davis Aircraft Products Co., Inc., Bruce T. Davis, Francis Nestor and Arthur Schmidt for summary judgment dismissing the complaint upon the ground that the plaintiff lacks standing to sue is denied.
This is a shareholder’s derivative action commenced by the plaintiff, an owner of a one-half undivided interest in 70% of the shares of the defendant Davis Aircraft Products Co., Inc. (Davis Aircraft), challenging a certain transaction between the defendant Davis Aircraft and another corporation, the defendant 41 Woodbine Avenue Corp., owned and controlled by members of the board of directors of Davis Aircraft, specifically the defendants Arthur Schmidt, Francis Nestor and *847 Bruce T. Davis. The plaintiff seeks to have the property transferred by the defendant Davis Aircraft reconveyed to it and to have the individual defendants pay over to the defendant Davis Aircraft any profits gained by the transaction and to have the individual defendants reimburse the defendant Davis Aircraft for any losses it may have incurred due to the allegedly improper transaction.
The plaintiff has moved for an order directing “that the adverse interest of the defendants be represented by independent counsel” since the individual defendants and the defendant Davis Aircraft, the corporation allegedly injured by the individual defendants, are all represented by the law firm of Whitman & Ransom, Esqs. The defendants Davis Aircraft, Bruce T. Davis, Francis Nestor and Arthur Schmidt have cross-moved “for an order, pursuant to Rule 3212 [motion for summary judgment] of the Civil Practice Law and Rules, dismissing the Verified Complaint”.
The cross motion shall be considered first.
The precise ground upon which this motion for summary judgment dismissing the complaint is that the plaintiff lacks standing to sue derivatively. The basis for this contention is set forth in paragraph 2 of the affidavit of the defendant Bruce T. Davis, sworn to on June 11, 1985, which was submitted in opposition to the plaintiff’s motion and in support of the cross motion: "Although plaintiff purports to represent Davis Aircraft and all of its shareholders, in actuality, her claim is purely personal and her interests are hostile to both the remaining shareholders, namely myself and my mother, Mrs. Thelma Neff, and to the corporation. The present action is but a continuation of the divorce litigation between myself and plaintiff and is in the nature of a dispute between shareholders. As the claim is personal to plaintiff, it is not properly characterized as a derivative action, and there is no conflict of interest between the individual and corporate defendants.”
Thus, it appears that the basis for the cross motion seeking summary judgment dismissing the complaint is the contention that the plaintiff should not be permitted to maintain the derivative action because of her improper and personal motives which strip her of the legal capacity to sue.
There is authority for such a position. In Steinberg v Steinberg (106 Misc 2d 720), a purported shareholders’ derivative action, the court granted a motion to dismiss the complaint based upon the finding that the plaintiff could not adequately *848 represent other shareholders’ interests, since she was motivated by personal gain and that "the circumstances in their totality strongly indicate that the derivative action was deliberately instituted to obtain leverage in the matrimonial proceeding, as a 'weapon in the total * * * arsenal’.” (106 Misc 2d, at p 722, citing G. A. Enters, v Leisure Living Communities, 517 F2d 24 [1st Cir].)
Nevertheless, the court concludes that the cross motion for summary judgment dismissing the complaint upon the ground that the plaintiff does not have standing to sue must be denied.
"The provision for dismissal of the complaint where the plaintiff has not the capacity to sue * * * has reference to some legal disability such as infancy, or lunacy or want of title in the plaintiff to the character in which he sues.” (Kittinger v Churchill Evangelistic Assn., 239 App Div 253, 256.) Clearly the plaintiff has the legal capacity to maintain this action. (Law v Smith & Sons Carpet Co., 271 App Div 705.)
To the extent that Steinberg v Steinberg (supra) may suggest a contrary result the court is constrained to disagree with that opinion. For while the cross-moving defendants ask the court to look beyond the legal status of the plaintiff and examine her purposes in bringing this action there is persuasive and controlling authority which indicates that this is not an appropriate inquiry in determining whether a stockholder has properly brought a derivative action. For example, in Pollitz v Wabash R. R. Co. (150 App Div 709) the court considered the purported defense that the plaintiff "acquired his holdings as a mere interloper for the purpose of bringing this action and to compel the defendants to purchase immunity from litigation by taking over his stock at an excessive price.” (150 App Div, at p 713.) The court stated: "While there are intimations in some cases that a court of equity will inquire into the plaintiff’s motives when acquiring stock which is made the basis of his right to bring a derivative action of this character * * * the actual rule when applied in cases disclosing an obviously ulterior motive in bringing the suit is that if the plaintiff shows a legal right to question the corporate acts and has a personal interest in obtaining the judgment which he seeks, his motives are not to be made the subject of inquiry. In other words, that his purpose in enforcing his actual rights in a derivative action does not present a question of good faith with which equity is concerned.” (150 *849 App Div, at p 713; accord, Meredith v Camp Hill Estates, 77 AD2d 649; Gottfried v Gottfried, 112 NYS2d 431, 442.)
With respect to the motion for an order requiring that the defendant Davis Aircraft be represented by counsel independent of the attorneys for the individual defendants, who are charged with wrongdoing and waste of corporate assets, the court concludes that the motion must be granted.
In Russo v Zaharko (53 AD2d 663, 666) the Appellate Division stated: "An attorney who simultaneously represents two or more clients with adverse interests may be disqualified from appearing or may be permitted voluntarily to withdraw (31 ALR3d 720). Although in a derivative action the corporation is usually a passive litigant, in particular cases the relief sought may require an appearance and answer by the corporate defendant. Such appearance must be by independent counsel whose interests will not conflict with those of the individual defendants (Garlen v Green Mansions, 9 AD2d 760, mot for lv to rearg den 10 AD2d 557; Langer v Garay, 30 AD2d 942, 943; cf. Hausman v Buckley, 299 F2d 696).”
Amplification of the stated rule was provided by the Appellate Division, Second Department, in Schmidt v Magnetic Head Corp. (97 AD2d 151), an action between shareholders involving the interpretation and construction of a corporate shareholders’ agreement. In rejecting the argument that the attorneys representing the corporation’s directors should be disqualified in that case the court explained: "Unlike a derivative suit, where an adverse interest generally exists between a corporation and its directors (see, e.g., Patton, Disqualification of Corporate Counsel in Derivative Actions: Jacuzzi and the Inadequacy of Dual Representation, 31 Hast LJ 347; Note, Independent Representation for Corporate Defendants in Derivative Suits, 74 Yale LJ 524), Magnetic Head’s current posture is that of a passive litigant in an action involving the rights of competing stockholder factions to select a corporate director (cf. Garlen v Green Mansions, 9 AD2d 760). There is no allegation that Magnetic Head will benefit or suffer from the outcome of this lawsuit and matters of corporate policy are not in issue.” (97 AD2d, at p 163.)
To some extent the Appellate Division’s view may have evolved from the earlier position that a corporation is "usually a passive litigant” in a stockholder’s derivative action to the view that in a stockholder’s derivation action "an adverse interest generally exists between a corporation and its directors”.
*850 In any event, on its facts the present case is readily distinguishable from the situation warranting denial of the disqualification motion in Schmidt v Magnetic Head Corp. (supra), since the defendant Davis Aircraft’s interest, as reflected in the complaint, is adverse to that of the individual defendants. Moreover, in an action predicated on a claim of corporate waste it is patent that the corporation will benefit or suffer depending upon the outcome of the litigation and matters of corporate policy are in issue.
Simply stated, the individual defendants who are directors and officers of the defendant Davis Aircraft should not be represented by the same law firm as the corporation. (E.g., Haenel v Epstein, 88 AD2d 652; Mackay v Pierce, 86 AD2d 655; Nelson v Nationwide Measuring Serv., 64 AD2d 606.)
As observed by the Appellate Division, Second Department, in Schmidt v Magnetic Head Corp. (101 AD2d 268, 277), "in a disqualification situation, any doubt is to be resolved in favor of disqualification (Hull v Celanese Corp., 513 F2d 568, 571; Glueck v Jonathan Logan, Inc., 512 F Supp 223, 228, affd 653 F2d 746; cf. Narel Apparel v American Utex Int., 92 AD2d 913, 914).”