■ JOSEPH T. CORCORAN, Respondent, v JOHN A. CORCORAN

et al., Appellants, et al., Defendants. [596 NYS2d 86] —In a shareholders' derivative action brought on behalf of Joseph M. Corcoran, Inc., alleging, *inter alia,* waste of corporate assets and breach of fiduciary duty and seeking an accounting and both injunctive and monetary relief, the defendants John A. Corcoran, Corcoran Monuments, Inc., and Corcoran Marble, Inc. appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Copertino, J.), dated January 20, 1991, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is modified, by adding a provision thereto dismissing those causes of action in the complaint seeking to enjoin the appellants from utilizing or disposing of the real property, business opportunities, tools, equipment, credit, funds, inventory, warehousing and shop facilities of Joseph M. Corcoran, Inc., and from competing either directly or indirectly with Joseph M. Corcoran, Inc.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the ·appellants' contentions, the plaintiff, as 50% shareholder of Joseph M. Corcoran, Inc. (hereinafter the corporation), who was allegedly forced out of his position as an officer in February 1983 by the defendant John A. Corcoran, who was also a 50% shareholder of the corporation, had a right to bring and maintain this derivative action regardless of his personal motive for so doing *(see, Baliotti v Walkes,* 134 AD2d 554, 555; *Meredith v Camp Hill Estates,* 77 AD2d 649; *cf., Steinberg v Steinberg,* 106 Misc 2d 720). Moreover, the issue of whether dissolution occurred in January 1984 upon the rendering of an arbitrator's decision, pursuant to a provision contained in the shareholders' agreement, or in May 1984 upon the entry of a judgment confirming that decision *(see,* CPLR 7510, 7514) is of no import, inasmuch as the dissolution of the corporation had no bearing on the plaintiff's ability to bring or maintain this suit *(see, Independent Investor Protective League v Time, Inc.,* 50 NY2d 259; *Matter of Maki v Estate of Ziehm,* 55 AD2d 454; *see also,* 4 White, New York Corporations ¶ 1006.08, at 10-46, 10-47).

However, in light of the sale of the entirety of the corporation's physical assets by the receiver subsequent to dissolution, as conceded by the plaintiff, an injunction barring the appellants from utilizing or disposing of the corporation's assets

and from competing with the corporation is unnecessary, and monetary relief would constitute an adequate remedy.

We have examined the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Miller and Pizzuto, JJ., concur.