[666 NYS2d 216]

In the Matter of BMW Pizza, Inc., Doing Business as Domino's Pizza, Petitioner, v Michael H. Urbach, as Commissioner of the New York State Department of Taxation and Finance, et al., Respondents.

Third Department, November 26, 1997

## APPEARANCES OF COUNSEL

*Coren & Braun, P. C.,* New York City *(Steven M. Coren* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Lisa LeCours* and *Nancy A. Spiegel* of counsel), for Commissioner of Taxation and Finance of the State of New York, respondent.

## OPINION OF THE COURT

CARPINELLO, J.

The essence of this proceeding is the propriety of petitioner's protested payment of a sales tax following its January 1, 1991 purchase of a pizza franchise. The governing statute, Tax Law § 1141 (c), provides that in the course of a bulk sale of a business, the purchaser must notify the State Department of Taxation and Finance of the sale "at least ten days before taking possession" of or "paying" for the transferred assets. Within 90 days of its receipt of a notice of sale, the Department must in turn notify the purchaser and seller of any taxes due arising out of the operation of the business by the seller prior to the date of sale. Failure to comply with the provisions of Tax Law § 1141 exposes the purchaser to personal liability for the seller's taxes. If the notice is given, the Department's subsequent failure to issue a notice of tax due within the 90-day period "will release the purchaser * * * from any further obligation to withhold any sums of money, property or choses in action, or other consideration, which the purchaser * * * is required to transfer over to the seller" (Tax Law § 1141 [c]).

Petitioner maintains that the Department's March 22, 1991 determination notifying it of the sales tax due as a result of the bulk sale was sent more than 90 days after its December 17, 1990 receipt of the notice of sale and was, therefore, untimely under the statute. While there is no dispute that

petitioner's notice of sale was in fact received by the Department on December 17, 1990, it is also undisputed that the actual sale did not take place until January 1, 1991. The regulation in effect at that time (20 NYCRR former 537.2 [c] [6]) provided that: "Every timely notice received more than 10 days prior to the date of taking possession of, or payment for, the business assets *shall be deemed to have been received not more than 10 days prior to the date of taking possession of, or payment for, the business assets, whichever comes first, regardless of the date when the notice is actually received*" (emphasis supplied). Relying on this regulation, the Department argues that the operative date for the purpose of calculating the running of the 90-day time period under Tax Law § 1141 (c) was December 22, 1990, 10 days before the sale. Under the regulation, the Department's notice, issued March 22, 1991, was timely.

Petitioner contends that 20 NYCRR former 537.2 (c) (6) "materially alters" and "unilaterally modifies" the notice requirements of Tax Law § 1141 (c) such that the imposition of the tax against it was improper. Initially, we note that it is petitioner's burden, as the taxpayer, to prove that the regulation is irrational or inconsistent with the statute (*see, Matter of Noar Trucking Co. v State Tax Commn.*, 139 AD2d 869, 871). While regulations which are inconsistent with a statute or which alter statutory language to include situations not embraced within its terms must be struck down (*see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 595; *Matter of Velez v Division of Taxation of Dept. of Taxation & Fin.*, 152 AD2d 87, 90), such is not the case here (*cf., Matter of Velez v Division of Taxation of Dept. of Taxation & Fin., supra*).

This regulation can be read in harmony with the statute in that it limits the amount of time the required notice is deemed to be received by the Department in advance of the sale, thereby defining more precisely the beginning of the 90-day response period. The regulation is reasonable in that it furthers the intent of the statute by ensuring that the Department has sufficient time to calculate the tax. Otherwise one could send the required notice of sale so far in advance of the actual sale that it would be impossible for the Department to calculate the seller's tax liability up to the date of sale and still send the notice of taxes due within 90 days. Since the regulation is in harmony with the statute's over-all purpose (*see, Goodwin v*

*Perales*, 88 NY2d 383, 395) and particularly since petitioner received notice of the Department's intent to rely on the time period *as defined by the regulation* well in advance of the sale, the regulation is not irrational.

Petitioner's remaining contentions have been reviewed and found to be meritless.

MERCURE, J. P., CASEY, PETERS and SPAIN, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.