■ LEON POKOIK et al., Appellants, v NORSEL REALTIES et al., Respondents, et al., Defendants. [30 NYS3d 38]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered July 13, 2015, and corresponding so-ordered transcript, same court and Justice, entered July 31, 2015, which granted defendants-respondents' motion to dismiss the complaint, unanimously modified, on the law, to deny the motion to dismiss except as to defendants 575 Realties, Inc., 575 Associates, LLC, and Steinberg & Pokoik Management Corp. (SPMC), and otherwise affirmed, without costs.

Plaintiffs are minority partners in defendant Norsel Realties, which is managed by the individual defendants Steinberg and Lieberman. Norsel Realties owns the commercial office building located at 575 Madison Avenue in Manhattan, and leases the property to 575 Realties. 575 Realties net leases the property to 575 Associates, an affiliated operating company, owned by some of the Pokoik plaintiffs and the Steinberg family. SPMC is a wholly-owned subsidiary of 575 Realties and acts as a real estate managing agent for the property.

Pursuant to the rent renewal provision in the lease, Norsel Realties is entitled to rent from 575 Realties calculated as "a sum equal to five (5%) percent of the then appraised value of the land subject to this Lease covering the first renewal term, at the commencement thereof considered as unimproved and exclusive of any buildings or improvements thereon."

Plaintiffs alleged in their complaint that Steinberg and Lieberman had a fiduciary relationship with Norsel and the other Norsel partners, including plaintiffs, that Steinberg and Lieberman engaged in misconduct by purposely soliciting artificially depressed appraisals of the property so that the calculated rent under the lease would be artificially low so as to advance their "personal estate tax strategies," and that Norsel suffered damages as a result of this misconduct by agreeing to receive lower rents. These allegations sufficiently state a cause of action for breach of fiduciary duty as against Steinberg, Lieberman, and Norsel (*see Pokoik v Pokoik*, 115 AD3d 428, 429 [1st Dept 2014]).

Plaintiffs sufficiently alleged that Steinberg and Lieberman were conflicted and stood to benefit personally, in a manner other than as shareholders of Norsel, so as to rebut the business judgment rule (*see Matter of Comverse Tech., Inc. Derivative Litig.*, 56 AD3d 49, 54 [1st Dept 2008]; *see also Stilwell Value Partners, IV, L.P. v Cavanaugh*, 41 Misc 3d 1216[A], 2013 NY Slip Op 51708[U], *3 [Sup Ct, NY County 2013], *affd* 118

AD3d 518 [1st Dept 2014]). In particular, in addition to alleging that the devalued rent paid by 575 Realties advanced the individual defendants' personal estate planning, plaintiffs also alleged that the devalued rent allowed 575 Realties, and its affiliated entity SPMC, to retain more money to pay higher salaries to the individual defendants.

Plaintiffs' complaint, however, does not state a cause of action against 575 Realties, 575 Associates, or SPMC, since there is no allegation that any of those entities owed plaintiffs a fiduciary duty, or that those entities engaged in any misconduct.

We reject defendants' arguments in support of the business judgment rule, including its interpretation of the "subject to" clause in the lease. Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.