■ LEON POKOIK, Individually and in the Right and Behalf of EAST 82ND STREET, et al., Appellants, v GARY POKOIK, Individually and as Managing Member of EAST 77TH STREET, LLC, et al., Respondents. [45 NYS3d 50]—

Judgment, Supreme Court, New York County (Joan M. Kenney, J.), entered July 14, 2016, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about March 14, 2016, which granted defendants' motion to dismiss, and denied plaintiff's application for leave to amend or to correct the summons, unanimously reversed, on the law and the facts, without costs, defendants' motion denied, and plaintiff's application granted. Appeal from the forgoing order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff addressed every ground for dismissal of the complaint set out in the order appealed from, and therefore

will not be deemed to have abandoned any claims because he did not speculate in his opening brief about other possible grounds for the dismissal (*see generally McHale v Anthony*, 41 AD3d 265, 266-267 [1st Dept 2007] [purpose of rule limiting appeal is to prevent parties from being surprised by scope of order deciding appeal]).

The court erred in dismissing the complaint on the ground that plaintiff incorrectly named the companies in this derivative action as plaintiffs rather than defendants (CPLR 1003 ["Misjoinder of parties is not a ground for dismissal of an action"]). Moreover, since the request for relief was clearly made in his opposition papers, the court improperly denied plaintiff's request to amend or to correct the summons (*see Marx v Marx*, 258 AD2d 366 [1st Dept 1999]).

On the motion to dismiss, the court should have accepted as true plaintiff's allegations in his affidavit and exhibits as to the demand made on the companies to initiate legal action (*see Ashwood Capital, Inc. v OTG Mgt., Inc.*, 99 AD3d 1, 10 [1st Dept 2012]). These allegations sufficiently set forth the demand (*see Tomczak v Trepel*, 283 AD2d 229, 230 [1st Dept 2001], *lv dismissed in part, denied in part* 96 NY2d 930 [2001]).

While plaintiff has been engaged before in litigation with defendants (partially prevailing in the most recent case), their relationship was not shown to be so acrimonious or emotional as to demonstrate that plaintiff cannot act as an adequate representative for the companies (*see Gilbert v Kalikow*, 272 AD2d 63 [1st Dept 2000], *lv denied* 95 NY2d 761 [2000]). Nor is there anything inherently improper about bringing claims both derivatively and individually (*see generally Gjuraj v Uplift El. Corp.*, 110 AD3d 540 [1st Dept 2013]).

Because the determination by defendant manager of the amount due to the companies in repayment of legal fees is self-interested, it is not subject to the business judgment rule. The issue of whether the payments that have been made were sufficient is an issue of fact. Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.