Leon Pokoik, individually and on behalf of Norsel Realties, et al., Plaintiffs,

against
Norsel Realties, 575 Realties, Inc., et al., Defendants.


653382/2014

Plaintiffs are represented by
Leland Scott Solon, Firm Name: the Law Firm of Gary N. Weintraub LLP, Address: 44 Elm St Ste 16, Huntington, NY 11743
Defendants are represented by
Daniel a Schnapp, Firm Name: Fox Rothschild LLP, Address: 100 Park Avenue, New York, NY 10017


Jeffrey K. Oing, J.

Preliminary Statement
Plaintiffs Leon Pokoik and his wife and two children are minority partners in defendant Norsel Realties ("Norsel"), which is managed by individual defendants Michael Steinberg ("Steinberg") and Jay Lieberman ("Lieberman"). Plaintiffs claim that the $7.2 million ground rent agreed to between defendants Norsel and 575 Realties, Inc. ("575 Realties") for the land under the Manhattan building located at 575 Madison Avenue (the "Property") was improperly calculated, and evidences impropriety. Plaintiffs bring their claims individually and derivatively on behalf of Norsel against Norsel's partners, as well as against Steinberg and Lieberman, who are not partners in Norsel.
Defendants move, pursuant to CPLR 3211(a)(1), (3) and (7), for dismissal of the amended complaint, based on documentary evidence, lack of capacity, and failure to state a claim.
Factual Background
Norsel is a New York partnership that owns the property (Amended Complaint, ¶¶ 7, 63). Defendants Norsel, 575 Realties and 575 Associates, LLC ("575 Associates") are owned by the Steinberg and Pokoik families, and their issue (Id., ¶ 62). 575 Realties leases the Property from Norsel, and net leases the Property to 575 Associates, an affiliated operating company (Id.).
Defendant Norsel Realties LLC ("Norsel LLC") is a limited liability company organized under the laws of New York (Id., ¶ 6). In addition to Norsel and Norsel LLC, the amended complaint names forty-two individuals, trusts and entities as defendants (Id., ¶¶ 8-26). These [*2]individuals, trusts, and entities, thirty-eight of which were named for the first time as defendants in the amended complaint, represent approximately 90% of the ownership interest in Norsel (8/28/14 Norsel consent [Schnapp Affirm., Ex. B]).
Pursuant to the ground lease agreement originally entered into in 1995 between Norsel, as landlord, and 575 Realties, as tenant, 575 Realties was entitled to a ten-year first lease renewal term commencing on January 1, 2015, and ending on December 31, 2024 (Amended Complaint, ¶ 64). During the prior ten-year lease period between January 1, 1995 and December 31, 2014, 575 Realties paid an annual ground rent of approximately $1.3 million for the Property.
Paragraph Second, 2(B)(1) of the ground lease agreement provides that:
The net annual rent reserved to cover the first renewal term shall be a sum equal to five (5%) percent of the then appraised value of the land subject to this Lease covering the first renewal term, at the commencement thereof considered as unimproved and exclusive of any buildings or improvements thereon
(Id., ¶ 65).
In 2012 and 2013, in anticipation of the upcoming renewal period, Norsel conducted two separate appraisals of the Property (Id., ¶ 66). The first appraisal, conducted in 2012, valued the Property at approximately $76 million (Id.). Based on that first appraisal, in March 2012 the Norsel partners were informed that Norsel intended to fix the annual ground rent for the extension period from January 1, 2015 through December 31, 2024 at $5.1 million (Id., ¶ 67). Norsel afforded all partners the opportunity to review the appraisal, and sent a copy of the appraisal to plaintiffs (Id., ¶ 70). In May 2012, Lieberman, on behalf of Norsel, wrote to 575 Realties, informing it that should 575 Realties elect to renew the ground lease agreement, the annual ground rent would be $5.1 million (Id., ¶ 71). 
Plaintiffs allege that Leon Pokoik, on his own behalf and that of his children, co-plaintiffs Davin Pokoik and Alicia Pokoik Deters, objected to the proposed new rent "around that time," because they believed that the appraisal was improper, and the proposed rent was "unfairly low" (Id., ¶ 72). Plaintiffs further allege that Leon Pokoik and his children refused to sign any documents consenting to the new ground rent (Id., ¶ 73).
In the fall of 2012, Leon Pokoik presented an appraisal to Norsel which valued the Property at approximately $216 million (Id., ¶ 74). Plaintiffs allege that, by applying the lease's 5% formula, this led to an annual rent of $10,500,000 for the January 1, 2015 renewal term (Id.).
In August 2013, following receipt and review of Leon Pokoik's appraisal, Norsel ordered a second appraisal of the Property, which valued the Property at $92 million. Both Norsel's 2012 appraisal and the second valuation ordered by Norsel were used to set the new ground rent at $7.2 million.
In August 2014, approximately 90% of the partners in Norsel signed written consents approving the new annual ground rent of $7.2 million (Schnapp Affirm., Ex. B). Plaintiffs are the only partners of Norsel who did not approve the ground rent between Norsel and 575 Realties.
Plaintiffs allege that in September 2014 Leon Pokoik learned that 575 Realties and Norsel had come to terms on an agreement to renew the ground lease at an annual rent of $7.2 million (Amended Complaint, ¶ 77).
On October 10, 2014, after the new ground rent had been approved by approximately 90% of Norsel's partners, Leon Pokoik presented a second appraisal of the Property to Norsel (Id., ¶ 79). This appraisal valued the Property at approximately $406 million which, under the 5% formula, would have resulted in an annual ground rent of $20.3 million (Id.). Plaintiffs allege that on the same day that this appraisal was presented they made a demand by letter that their second appraisal be used to set the new rent, and that Norsel take legal action to protect the partners' interests (Id., ¶¶ 80-81).
On October 17, 2014, Norsel's counsel informed plaintiffs that the new rental terms of the ground lease renewal had been agreed to by 90% of the partners, including all partners other than Leon Pokoik and his family (Schnapp Affirm., Ex. B).
Plaintiffs allege damages based on the difference between the $72 million in aggregate ground rent to be collected over the ten-year first lease renewal term (i.e., $7.2 million annually for 10 years) and the $203 million rent which would have been due under Leon Pokoik's highest appraisal for the same period (i.e., $20.3 million annually for 10 years).
Procedural History
The initial complaint was comprised of eight causes of action, which are essentially identical to the first eight causes of action in the amended complaint. The initial complaint named Norsel, 575 Realties, 575 Associates, Steinberg & Pokoik Management Corp. ("SPMC"), Steinberg and Lieberman as defendants. The original defendants filed a motion to dismiss the complaint on the grounds that (1) plaintiffs did not have standing to bring a derivative action on behalf of Norsel because conflicts of interest prevented them from fairly and adequately representing Norsel; (2) plaintiffs' claims were barred by the business judgment rule; and (3) plaintiffs failed to plead a prima facie claim for breach of fiduciary duty.
On July 9, 2015, this Court granted the motion, based solely on the application of New York's business judgment rule (Pokoik v Norsel Realties, Sup Ct, NY County, July 9, 2015, Oing J., Index No. 653382/2014 [NYSCEF Doc No. 37]). Plaintiffs appealed.
By order dated April 12, 2016, the Appellate Division, First Department affirmed this Court's order in part, and reversed in part (Pokoik v Norsel Realties, 138 AD3d 493 [1st Dept 2016]). The First Department affirmed the dismissal with prejudice of 575 Realties, 575 Associates and SPMC on the ground that there was no allegation that any of those entities owed plaintiffs a fiduciary duty, or that those entities engaged in any misconduct. The First Department, however, reversed and remanded the remaining claims as against Norsel, Steinberg and Lieberman. In that regard, the Appellate Court found that the pleading was sufficient with respect to these defendants to overcome the presumptive application of the business judgment rule in view of the limited record at that stage of the proceeding. Notably, the First Department did not address the issue of whether plaintiffs' alleged conflicts of interest prevented them from fairly and adequately representing Norsel's interests.
On May 2, 2016, the original defendants filed a verified answer to the initial complaint (NYSCEF Doc. No. 44). Plaintiffs subsequently filed the amended complaint, in which they named thirty-nine additional defendants, including all of the approving partners, as well as eleven individuals, who either were never partners, or were no longer partners when the new ground rent was approved.
The Amended Complaint
Plaintiffs' first cause of action claims a breach of fiduciary duty by Steinberg on behalf of Norsel. Plaintiffs' second cause of action claims a breach of fiduciary duty by Lieberman on behalf of Norsel. Plaintiffs' third cause of action claims breaches of fiduciary duty by all defendants on behalf of Norsel. Plaintiffs' fourth cause of action claims breaches of fiduciary duty by all defendants on behalf of Leon Pokoik. Plaintiffs' fifth cause of action claims breaches of fiduciary duty by all defendants on behalf of Davin Pokoik. Plaintiffs' sixth cause of action claims breaches of fiduciary duty by all defendants on behalf of Alicia Pokoik Deters. Plaintiffs' seventh cause of action claims breaches of fiduciary duty by all defendants on behalf of Davin Pokoik as trustee of the Leon Pokoik Grantor Retained Annuity Trusts for the benefit of G.P. Plaintiffs' eighth cause of action claims breaches of fiduciary duty by all defendants on behalf of Alicia Pokoik Deters as trustee of the Leon Pokoik Grantor Retained Annuity Trusts for the benefit of C.D., A.D., and J.D. Collectively, in each of these first eight causes of action, plaintiffs repeat the single claim that "by arranging and/or agreeing" to the ground rent, each of the defendant mangers/general partners breached their fiduciary duties under New York law.
The amended complaint contains a new ninth cause of action against all defendants, relating to the transfer of the Property from Norsel to Norsel LLC, a newly formed single-[*3]member limited liability company, the sole member of which is Norsel. Plaintiffs allege that on November 13, 2014 after they filed their initial complaint in this action Steinberg, Lieberman and possibly other defendants arranged for Norsel to transfer its interests in the Property to Norsel LLC (Amended Complaint, ¶ 113), which transfer was conducted without their knowledge or consent (Id., ¶ 115). Plaintiffs allege that this transfer was made so as to defeat the terms of Norsel's partnership agreement. Plaintiffs further allege that Norsel's managers have refused their demands to protect Norsel and its partners against the November 2014 transfer (Id., ¶ 119). Plaintiffs seek to set aside and void the deed transferring Norsel's interest in the Property to Norsel LLC, the assumption of the ground lease, and all other instruments in connection therewith (Id., ¶ 120).
Discussion
A party may move for judgment dismissing one or more causes of action asserted against him on the ground that the pleading fails to state a cause of action under CPLR 3211(a)(7). Although on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the pleading is to be afforded a liberal construction," and "the facts as alleged in the complaint [are presumed] as true" (Leon v Martinez, 84 NY2d 83, 87 [1994]; see also Rovello v Orofino Realty Co., 40 NY2d 633 [1976]). Nonetheless, "'factual claims [that are] either inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration'" (Mark Hampton, Inc. v Bergreen, 173 AD2d 220, 220 [1st Dept 1991] [citation omitted]; see also Caniglia v Chicago Tribune-NY News Syndicate, 204 AD2d 233 [1st Dept 1994]). A party may also move to dismiss claims if the "party asserting the cause of action has not legal capacity to sue" (CPLR 3211[a][3]; see also Wells Fargo Bank Minn. N.A. v Mastropaolo, 42 AD3d 239, 243 [2d Dept 2007]).
The threshold issue to be decided is whether plaintiffs have standing to assert their claims. Under New York law, a shareholder lacks standing to pursue a direct cause of action to redress wrongs suffered by the corporation. Rather, such claims must be asserted derivatively, for the benefit of the corporation (Abrams v Donati, 66 NY2d 951, 953 [1985]; accord Higgins v New York Stock Exch., Inc., 10 Misc 3d 257, 264 [Sup Ct, NY County 2005]).
In general, "[a] plaintiff asserting a derivative claim seeks to recover for injury to the business entity," while "[a] plaintiff asserting a direct claim seeks redress for injury to him or herself individually" (Yudell v Gilbert, 99 AD3d 108, 113 [1st Dept 2012]). In analyzing whether a plaintiff's claim is truly direct or derivative, courts look at "the nature of the harm alleged and who is principally harmed: the corporation or the individual shareholders" (Higgins v New York Stock Exch., Inc., 10 Misc 3d at 266; accord Yudell v Gilbert, 99 AD3d at 114 [citation omitted] ["a court should consider '(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)'"]; see also Weber v King, 110 F Supp 2d 124, 132, n 10 [ED NY 2000] [courts "examine the nature of the wrongs alleged in the complaint, and not ... the Plaintiffs' stated intention and characterization of their claims"]).
New York courts have identified numerous categories of claims, including claims of mismanagement or diversion of assets for a manager's own benefit and excessive compensation, as derivative in nature, and, as such, they must be pleaded on behalf of the corporation (see Abrams v Donati, 66 NY3d at 953 ["allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually"]; Glenn v Hoteltron Sys., 74 NY2d 386, 393 [1989] [finding diversion of corporate opportunity was derivative claim]; see also Sook Hi Lee v 401-403 57th St. Realty Corp., 306 AD2d 108, 109 [1st Dept 2003] [finding claims of waste and mismanagement by board were derivative in nature]; Fischbein v Beitzel, 281 AD2d 167, 167 [1st Dept 2001] [dismissing direct claim by shareholder alleging unfairly depressed acquisition price based on excessive compensation paid to corporate directors and employees as derivative in nature]; Scott v Pro Mgt. Servs. Group, LLC, 2014 WL 5023527, *1 [Sup Ct, NY County 2014], affd 124 AD3d 454 [1st Dept 2015] [dismissing direct [*4]claim on ground that "[a]ny improper personal payments to any of the defendants would therefore harm the holding companies rather than plaintiff, and any claim thereon would be derivative in nature"]). Furthermore, a claim that the shareholders have been injured by a "diminution" in the value of their stock is a derivative claim belonging to the corporation, and not a direct cause of action for the shareholders (Elghanian v Harvey, 249 AD2d 206, 207 [1st Dept 1998]; see also Glenn v Hoteltron Sys., 74 NY2d at 392). Derivative claims which are improperly pleaded as direct claims must be dismissed for lack of standing (see Abrams v Donati, 66 NY2d at 953 [internal citations omitted] ["A complaint the allegations of which confuse a shareholder's derivative and individual rights will, therefore, be dismissed"]).
Here, a review of all of plaintiffs' claims in a light most favorable to them unequivocally demonstrates that they are based on alleged injuries to Norsel purportedly caused by the decisions to adopt an apparently below-market ground lease rent, and to transfer its interest in the Property to Norsel LLC, as well as the transfer of the ground lease from Norsel Realties to Norsel LLC. In fact, plaintiffs allege that the acts underlying the amended complaint were directed at Norsel as an entity, repeatedly asserting that such acts were "not in the best interests of Norsel," and that "Norsel Realties as a whole is damaged $131,000,000" (Amended Complaint, ¶¶ 1, 86). Plaintiffs also rely on the purported injury to Norsel as the basis for their individual claims in which they assert that they have been injured in an amount equal to their ownership percentage multiplied by the $131,000,000 allegedly loss to Norsel (Id., ¶¶ 103, 105, 107, 109, 111). Under these circumstances, plaintiffs' direct claims, which are based on allegations that their interests in Norsel have been diminished through the adoption of the ground rent at issue, are inherently derivative claims. Plaintiffs' remaining allegations that defendants mismanaged Norsel for their own benefit, i.e., by transferring ownership to Norsel LLC, are similarly derivative in nature. Accordingly, to the extent that plaintiffs attempt to bring direct claims against Norsel or its partners, they do not have standing to do so because the claims asserted in the amended complaint are strictly derivative in nature  the claims and damages alleged result from purported injuries to Norsel.
The remaining question is whether plaintiffs have standing to assert these claims derivatively on Norsel's behalf. New York courts have held that because derivative actions bind absent interest holders they take on "the attributes of a class action" and a "plaintiff must therefore demonstrate that [he] will fairly and adequately represent the interests of the shareholders and the corporation, and that [he] is free of adverse personal interest or animus" (Steinberg v Steinberg, 106 Misc 2d 720, 721 [Sup Ct, NY County 1980], citing Auerbach v Bennett, 64 AD2d 98 [2d Dept 1979], modified 47 NY2d 619 [1979]). If a plaintiff cannot demonstrate such representation, the derivative causes of action will be dismissed (James v Bernhard, 106 AD3d 435, 435-436 [1st Dept 2013] [plaintiff in derivative action removed due to conflict of interest]; Gilbert v Kalikow, 272 AD2d 63, 63 [1st Dept 2000] ["derivative causes of action were properly dismissed on the ground that plaintiff has failed to demonstrate that he will fairly and adequately represent the interests of the limited partnership, in view of the 'totality of the relationship' between himself and the individual defendant, his former son-in-law and business partner"]; Sigfeld Realty v Landsman, 235 AD2d 148, 148 [1st Dept 1996] ["due to a conflict of interest, plaintiff sponsor ... was an improper party to commence a shareholder's derivative action"]; Steinberg v Steinberg, 106 Misc 2d at 722 [dismissing complaint where "by reason of conflict of interest, plaintiff lacks legal capacity to act as a fiduciary"]).
In the amended complaint, plaintiffs decided to name all interest holders other than plaintiffs themselves as defendants. Having brought their claims against all other Norsel partners, plaintiffs cannot purport to simultaneously represent the interests of these adverse defendant partners. Unlike plaintiffs' initial complaint, which named only Steinberg and Lieberman as interest holders in Norsel and commenced on behalf of Norsel and all of its partners, by naming all other Norsel partners in the amended complaint there cannot even be a theoretical group of interest holders left on whose behalf plaintiffs purport to act. Indeed, in this amended complaint, plaintiffs Leon Pokoik and his family own or otherwise control [*5]approximately 10% of Norsel but assert derivative claims against the partners representing the other approximately 90% of the ownership interests. This presents a prototypical conflict of interest.
Plaintiffs' inherent conflict of interest is also presented by the fact that because they own a 12.788% ownership interest in 575 Associates, which net leases the Property from 575 Realties, plaintiffs are attempting to double dip  they are simultaneously receiving funds from 575 Associates in the form rental income while suing Norsel over the same ground rent.
In addition, plaintiffs do not appear to have any genuine concern for Norsel or its related entities. While plaintiffs seek to extract monetary damages from their partners based upon their extremely high property appraisals, they do not request any relief, such as the revision of the subject ground lease rent or court oversight of the appraisal process, that would benefit Norsel. Indeed, plaintiffs ignore the fact that their $20 million proposed annual rent, an almost 90% increase, would make business operations more difficult for 575 Associates which, in turn, would jeopardize Norsel itself.
Lastly, plaintiffs failed to demonstrate on this record that they are free from personal animus. Lead plaintiff Leon Pokoik has repeatedly sued his business partners and his own family (see Matter of Leon Pokoik v 575 Realties, Inc. and Steinberg & Pokoik Mgt. Corp., Index No.: 101239/2014; Leon Pokoik v Gary Pokoik, Index No.: 651809/2014; Leon Pokoik v Gary Pokoik, Jonathan Pokoik and J. Pokoik Realty, LLC, Index No.: 115224/2010, Estate of Saul Spitz and Leon Pokoik v Gary Pokoik, Index No.: 109854/2008. The pleadings in each of Leon Pokoik's actions are filled with allegations of mismanagement and improper conduct allegedly perpetrated by numerous individuals and closely-held entities, similar to the allegations made here. Given Leon Pokoik's litigious nature, the totality of the circumstances constrains this Court to conclude that this action is "a weapon in the total arsenal" so as to gain leverage in the other disputes (Steinberg v Steinberg, 106 Misc 2d at 722 [dismissing derivative complaint where "by reason of conflict of interest, plaintiff lacks legal capacity to act as a fiduciary"]; see also James v Bernhard, 106 AD3d at 436 [derivative action dismissed where plaintiff was "motivated not by the Club's interests but by a desire to gain leverage" in order to force club to end earlier commenced litigation against plaintiff]; Gilbert v Kalikow, 272 AD2d at 63 [dismissing derivative action that was "inappropriately motivated by a desire to retaliate for the individual defendant's earlier commenced action or to obtain leverage therein"]). Having named all of the Norsel partners with whom plaintiffs disagree as defendants in this action, and given Leon Pokoik's demonstrated animus, plaintiffs' self-interest is palpably obvious to the point that they are unable to show that they will adequately represent the interest of these defendants. Thus, the amended complaint must be dismissed.
Accordingly, it is
ORDERED that defendants' motion to dismiss the amended complaint is granted, and the amended complaint is dismissed as against all defendants, with costs and disbursements to defendants as taxed by the Clerk upon the submission of an appropriate bill of costs, and the Clerk is directed to enter judgment accordingly in favor of defendants.
This memorandum opinion constitutes the decision and order of the Court.
Dated: April 12, 2017
HON. JEFFREY K. OING, J.S.C.