Pokoik v Norsel Realties (2018 NY Slip Op 06056)





Pokoik v Norsel Realties


2018 NY Slip Op 06056


Decided on September 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 13, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


653382/14 5734 5733

[*1]Leon Pokoik, etc., et al., Plaintiffs-Appellants,
v Norsel Realties, et al., Defendants-Respondents.


The Law Firm of Gary N. Weintraub, LLP, Huntington (Leland S. Solon of counsel), for appellants.
Fox Rothschild LLP, New York (Daniel A. Schnapp of counsel), for respondents.



Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered October 3, 2017, dismissing the amended complaint, unanimously modified, on the law, the dismissal of the amended complaint as against defendants Michael L. Steinberg and Jay Lieberman vacated, and defendants' motion to dismiss denied as to the first and second causes of action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 13, 2017, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs allege that defendants purposely undervalued Norsel Realties's (Norsel) property to advance their "personal estate tax strategies," and that the effects of the resulting decrease in the rent on the property will be felt by all partners. Moreover, any pecuniary loss plaintiffs suffered derives from harm to Norsel. Thus, plaintiffs' claims are derivative (see Yudell v Gilbert, 99 AD3d 108, 114-115 [1st Dept 2012]; Ganzi v Ganzi, 144 AD3d 510, 511 [1st Dept 2016]).
We perceive no conflict of interest that would prevent plaintiffs from fairly representing Norsel's interests. In a separate derivative action by plaintiff Leon Pokoik against other Pokoik family members, who are also defendants in this action, we found that Pokoik's relationship with defendants had not been shown to be "so acrimonious or emotional as to demonstrate that plaintiff cannot act as an adequate representative for the companies" (Pokoik v Pokoik, 146 AD3d 474, 475 [1st Dept 2017]). Nor is there in the present record any indication of an especially acrimonious relationship between the parties.
The factual issue whether plaintiffs' proposed appraisal is "extremely high" and will have a negative impact on Norsel's business cannot be resolved on this pre-answer motion to dismiss.
On the prior appeal, we found that plaintiffs rebutted the presumption of the business judgment rule as to Michael L. Steinberg, Jay Lieberman, and Norsel (except with respect to the ninth cause of action, which had not yet been asserted) and that the allegations against 575 Realties, Inc., 575 Associates, LLC, and Steinberg & Pokoik Management Corp. were insufficient (Pokoik v Norsel Realties, 138 AD3d 493, 494-95 [1st Dept 2016]). Nothing in the amended complaint alters that conclusion. There is no allegation that the remaining partner defendants were aware of plaintiffs' competing property appraisal; therefore there is no allegation of misconduct on their part (Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014] [elements of breach of fiduciary duty claim]).
The ninth cause of action fails to state a claim for breach of fiduciary duty based on the transfer of the property and the rights under the lease from Norsel to defendant Norsel Realties LLC, because it does not allege damages (see id.).
The Decision and Order of this Court entered herein on March 8, 2018 (159 AD3d 459 [1st Dept 2018]) is hereby recalled and vacated (see M-1711 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 13, 2018
CLERK