Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 25, 2013, which, insofar as appealed from, granted defendants’ motion for summary judgment dismissing the complaint as against defendant Jonathan Pokoik and denied the motion as against defendant Gary Pokoik, and denied plaintiffs cross motion for summary judgment on his first cause of action alleging breach of fiduciary duty and for dismissal of defendants’ affirmative defenses, unanimously modified, on the law, to grant defendants’ motion as to the fifth cause of action alleging breach of contract as against Gary, and to grant the cross motion to the extent of dismissing all of defendants’ affirmative defenses and granting plaintiff summary judgment on his first cause of action as against Gary, and otherwise affirmed, without costs.
As the proponent of the motion for summary judgment, Gary is required to demonstrate that there are no material issues of fact in dispute and that he is entitled to judgment and dismissal as a matter of law (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Ostrov v Rozbruch, 91 AD3d 147, 152 [1st Dept 2012]). Only when this burden is met, is the opposing party required to submit proof in admissible form sufficient to create a question of fact requiring a trial (Kosson v Algaze, 84 NY2d 1019 [1995]).
Gary contends that, based on Limited Liability Company Law § 409, he is entitled to summary judgment on the portion of the first cause of action that alleged breach of fiduciary duty with respect to the properties located at 77th Street and 82nd Street (the ones owned by the LLCs) because he reduced plaintiff’s capital accounts in good faith, relying on the advice of nonparty *429 accounting firm Eisner & Lubin. As to the remaining portion of the first cause of action alleging breach of fiduciary duty with respect to the 83rd Street property, which is owned by tenants-in-common, he claims entitlement to summary judgment based on the business judgment rule.
As the managing member of the LLCs, Gary owed plaintiff—a nonmanaging member — a fiduciary duty (see Salm v Feldstein, 20 AD3d 469, 470 [2d Dept 2005]; see also Tzolis v Wolff, 39 AD3d 138, 146 [1st Dept 2007], affd 10 NY3d 100 [2008]). “[I]t is elemental that a fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect. This is a sensitive and inflexible rule of fidelity, barring not only blatant self-dealing, but also requiring avoidance of situations in which a fiduciary’s personal interest possibly conflicts with the interest of those owed a fiduciary duty” (Birnbaum v Birnbaum, 73 NY2d 461, 466 [1989] [internal quotation marks and citations omitted]).
Reliance on outside professionals under Limited Liability Company Law § 409 (b) (2) must be in good faith (see Limited Liability Company Law § 409 [a]; Stephens v National Distillers & Chem. Corp., 1996 WL 271789, *6, 1996 US Dist LEXIS 6915, *19 [SD NY, May 21, 1996, Nos. 91 Civ 2901 (JSM), 91 Civ 2902 (JSM)]). As described here, Gary does not meet his initial burden of showing that he acted in good faith and undivided loyalty to plaintiff so as to rely on Limited Liability Company Law § 409 or the business judgment rule.
To establish a breach of fiduciary duty, the movant must prove the existence of a fiduciary relationship, misconduct by the other party, and damages directly caused by that party’s misconduct (see Kurtzman v Bergstol, 40 AD3d 588, 590 [2d Dept 2007]). In 2006, to settle a dispute, Gary and plaintiff, both represented by counsel, agreed in writing that upon plaintiff’s payment of more than $2.2 million and attorney’s fees to four properties in which he and Gary, along with others, had a financial interest, any “discrepancy” between payments recorded in the properties’ books and their bank statements would be “written off by the [four properties].” The parties knew that the amounts to be paid by plaintiff were less than the full amounts originally at issue. Plaintiff timely made all payments. However Gary, the managing member, contends the accountant informed him that under the Tax Law, the properties would have to account for the “written-off funds,” amounting to about $750,000. Gary followed the accountant’s instructions to place the entire burden on plaintiff, reasoning that the “discrepancy” had likely been due to plaintiff’s previous actions.
*430 Neither the LLCs’ operating agreements nor the 2006 settlement agreement provide any authority to unilaterally reduce plaintiff’s accounts. Further, Gary makes no showing that he informed plaintiff of the accountant’s recommendation or notified him that his capital accounts, and no one else’s, were depleted in order to address the tax situation.
At a later date, and without notice, Gary discontinued making distributions to plaintiff. Gary contends that plaintiff was not singled out for harmful treatment because the operating agreements for the LLCs require distributions to be made in proportion to a member’s capital account, and all members’ distributions were made that way. However, as the motion court noted, plaintiff was the only member who had his capital account written down.
Gary had an interest in reducing plaintiffs capital accounts, as opposed to charging certain amounts to the LLCs, because the latter course of action would ultimately have had a negative financial impact on Gary. These failures to make truthful and complete disclosures (Limited Liability Company Law § 409), and Gary’s conflict in choosing to burden only plaintiff and not all the LLCs members, including himself, does not show “undivided and undiluted loyalty” (Birnbaum v Birnbaum, 73 NY2d at 466; see also Limited Liability Company Law § 409).
Gary also fails to show that he is entitled to summary judgment dismissing so much of the first cause of action alleging breach of fiduciary duty with respect to the 83rd Street property, which is owned by tenants-in-common, based on the business judgment rule. He cites no cases applying that rule to a tenancy-in-common. Even if, arguendo, the business judgment rule could be applied to a tenancy-in-common, it “does not protect . . . corporate fiduciaries when they make decisions affected by inherent conflict of interest” (Wolf v Rand, 258 AD2d 401, 404 [1st Dept 1999]). In addition, “[t]he business judgment rule . . . permits review of improper decisions, as when the challenger demonstrates that the board’s action . . . deliberately singles out individuals for harmful treatment” (Barbour v Knecht, 296 AD2d 218, 224 [1st Dept 2002] [internal quotation marks omitted]). In sum, Gary’s motion was properly denied as to the first cause of action.
However, Gary should have been granted summary judgment dismissing the fifth cause of action, which alleged breach of contract with respect to the 83rd Street property, because plaintiff failed to prove that there was a contract for that property (see Allied Sheet Metal Works v Kerby Saunders, Inc., 206 AD2d 166, 172-173 [1st Dept 1994]). We note that plaintiff can *431 still seek his distributions for the 83rd Street property under the first cause of action.
Turning to plaintiffs cross motion, the motion court should have granted summary judgment dismissing the seven affirmative defenses. The first defense relies on the provision in the LLC operating agreements governing distributions. However, plaintiff establishes that he continued to receive distributions for about three years after his accounts were emptied. Gary’s lack of good faith is revealed when he does not explain why the terms of the operating agreement were disregarded for three years and then suddenly enforced. Additionally, the first defense has no application to the tenancy-in-common.
The second defense should be dismissed because the evidence submitted on plaintiffs cross motion refuted defendants’ allegations that the 2006 settlement agreement required a general reconciliation of the books and records relating to the properties at issue on appeal, that Eisner & Lubin performed such a reconciliation, that Eisner & Lubin discovered that plaintiff had fraudulently entered expenses, and that, as a result, his capital accounts were reduced.
The third defense of the business judgment rule is dismissed for the reasons stated above; plaintiff establishes prima facie that Gary’s actions toward him were not carried out in good faith, and Gary fails to raise a triable question of fact. The business judgment rule is not applicable in the absence of good faith which includes “deliberately singling] out an individual for harmful treatment” (Owen v Hamilton, 44 AD3d 452, 456 [1st Dept 2007], lv dismissed 10 NY3d 757 [2008]).
Plaintiff should also have been granted summary judgment dismissing the fourth defense. The basis for defendants’ allegation that plaintiff has unclean hands is his pre-April 2006 disbursements from the properties, which defendants characterize as misappropriation. However, Gary released those claims in the July 2006 settlement agreement.
The fifth defense of waiver is based on plaintiff’s annual receipt of K-ls from the LLCs which, beginning for the tax year 2006, show that his accounts were running a negative balance, therefore, according to Gary, providing plaintiff with notice several years before he instituted this action. However, plaintiff was never alerted by his accountant (the same firm as undertook the forensic review providing the basis for the 2006 settlement), of the change to his account. There was no contemplation in the 2006 settlement that plaintiffs accounts would ever be invaded. In any event, the tax forms did not alert plaintiff that his accounts were treated differently from those of the other *432 members. In addition, this defense is inapplicable to the tenancy-in-common.
Plaintiff should have been granted summary judgment dismissing the sixth defense, as the release in the 2006 settlement agreement does not bar his claims. Plaintiff should also have been granted summary judgment dismissing the seventh defense, failure to join indispensable and necessary parties, namely, the LLCs. The breach of fiduciary duty claim can proceed against Gary in the absence of the LLCs.
Plaintiff was also entitled to summary judgment in his favor on his first cause of action for breach of fiduciary duty as against Gary. As already discussed, all of the affirmative defenses should have been dismissed (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010] [“(s)ummary judgment must be granted if the proponent makes a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and the opponent fails to rebut that showing” (internal quotation marks omitted)]). Although judicial inquiry into the actions of corporate directors is normally prohibited, plaintiff has made a showing of self-dealing and misconduct on Gary’s part, and we are thus permitted to examine the management of the LLCs’ finances, as well as those of the tenancy-in-common (see Jones v Surrey Coop. Apts., 263 AD2d 33, 36 [1st Dept 1999]). While it may be that Gary relied on his accountant’s opinion when he drained plaintiffs capital account, his and the accountant’s failure to inform plaintiff of this decision or of the subsequent elimination of distributions, clearly establishes plaintiffs claim that Gary was not acting in his best interest and that Gary breached his fiduciary duty of care (compare Schultz v 400 Coop. Corp., 292 AD2d 16, 22 [1st Dept 2002]).
We have considered the parties’ remaining arguments, including Gary’s argument that plaintiff is estopped from complaining about distributions, and plaintiffs argument that Jonathan’s motion should have been denied, and find them unavailing.
Concur — Tom, J.P, Friedman, Renwick, Feinman and Clark, JJ.