Kasowitz Benson Torres LLP v United States Ambassador Cesar B. Cabrera (2020 NY Slip Op 06954)





Kasowitz Benson Torres LLP v United States Ambassador Cesar B. Cabrera


2020 NY Slip Op 06954


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Gesmer, Kern, Shulman, JJ. 


Index No. 157367/18 Appeal No. 12488-12488A Case No. 2020-01731 2020-01732 

[*1]Kasowitz Benson Torres LLP, Plaintiff-Respondent,
v
United States Ambassador Cesar B. Cabrera, Retired et al., Defendants-Appellants.


Storch Byrne LLP, New York (Steven G. Storch of counsel), for appellants.
Kasowitz Benson Torres LLP, New York (Joshua A. Siegel of counsel), for respondent.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered September 27, 2019, in favor of plaintiff in the principal amount of $191,754.06, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 17, 2019, which, inter alia, granted plaintiff's motion for summary judgment on its breach of contract claim and dismissed defendants' counterclaims, unanimously dismissed, without costs, as subsumed in the [*2]appeal from the judgment.
Under the circumstances of this case, the motion court was entitled to conclude that the District Court's alternative holding in Barza Dev. Corp., et al. v Meister Seelig & Fein LLP, (No. 16-cv-7763, 2018 WL 2356664 [SD NY May 10, 2018]) collaterally estopped defendants from asserting that they lost a valuable claim against their former counsel by plaintiff's purported inaction (see Malloy v Trombley, 50 NY2d 46, 50 [1980]). The District Court concluded, inter alia, that under the law of Puerto Rico, the statute of limitations is not tolled if a plaintiff's ignorance of an injury and its origin are due to its own negligence or lack of care and not actions by their former counsel. The evidence showed that defendant Cabrera, an experienced businessman and developer, should have known the underlying claim arose against defendants' potential business partner on February 14, 2013, and expired one year later. By their own admission in two separate verified complaints, any claims defendants had against their potential business partner expired on February 14, 2014. As plaintiff was not retained until after the limitations period expired, it could not have caused any injury to defendants.
Defendants' counterclaim sounding in breach of fiduciary duty was properly dismissed by the motion court. In order to state a claim for breach of fiduciary duty, a plaintiff must allege a fiduciary relationship, misconduct by the other party, and damages caused by the party's misconduct (Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]). Assuming defendants' allegations to be true, defendants failed to allege how plaintiff's actions in withdrawing from representation and in withdrawing certain allegations in the amended complaint caused them to sustain any damages (see Coleman v Fox Horan & Camerini, 274 AD2d 308 [1st Dept 2000], lv denied 95 NY2d 767 [2000]).
The IAS court correctly held that plaintiff established all the elements necessary for a breach of contract claim, including detailed billing statements showing its performance and damages due to defendants' lack of payment. Defendants failed to raise a triable issue of fact with respect to their claim of overbilling, and the remainder of defendants' purported objections to plaintiff's bills are based on their unsuccessful counterclaims. Moreover, general denials in a defendant's answer are insufficient to raise issues of fact with respect to the value of the attorney's services, and attorney invoices and time charges are evidence of the value provided (see O'Callaghan v Republic W. Ins. Co., 269 AD2d 114 [1st Dept 2000], lv denied 95 NY2d 758 [2000]; Phillips Nizer Benjamin Krim & Ballon v Chu, 240 AD2d 231 [1st Dept 1997]).
We have considered defendants' other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020