**Fidelity Natl. Title Ins. Co. v Berkshire Abstract & Title Agency, Inc.**

2024 NY Slip Op 34562(U)

December 31, 2024

Supreme Court, New York County

Docket Number: Index No. 151658/2015

Judge: Suzanne Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. SUZANNE J. ADAMS**

*Justice*

------------------------------------------------------------X

FIDELITY NATIONAL TITLE INSURANCE COMPANY,

Plaintiff,

- v -

BERKSHIRE ABSTRACT & TITLE AGENCY, INC.,ALAN H.
RUBIN, DEBBIE WIESEL, STEWART TITLE INSURANCE
COMPANY,

Defendant.

------------------------------------------------------------X

BERKSHIRE ABSTRACT & TITLE AGENCY, INC., ALAN
RUBIN, DEBBIE WIESEL

Plaintiff,

-against-

STEWART TITLE COMPANY INC., STEWART TITLE
AGENCY, STEWART TITLE INSURANCE COMPANY, INC.,
EXECUTIVE ABSTRACT CORP.

Defendant.

------------------------------------------------------------X

| | |
|---|---|
| PART | 39M |
| INDEX NO. | 151658/2015 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595504/2017

The following e-filed documents, listed by NYSCEF document number (Motion 008) 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 349, 351, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 364, 366, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394

were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER            .

Upon the foregoing documents, it is ordered that the Fidelity's motion is granted in part

and denied in part, and Berkshire's cross-motion is denied.

This matter arises out of several transactions regarding a particular piece of real property

in Manhattan and the issuance of certain title insurance policies thereon in 2004 and 2007. Plaintiff

Fidelity National Title Insurance Company ("Fidelity") is a title insurance underwriter.

[* 1]

Defendant/third-party plaintiff Berkshire Abstract & Title Agency, Inc., ("Berkshire") is a limited policy-issuing agency of Fidelity. Defendants/third-party plaintiffs Alan H. Rubin and Debbie Wiesel are Berkshire's principal and bookkeeper, respectively. Pursuant to an agency agreement, Berkshire was authorized to issue title insurance policies on behalf of Fidelity. Stewart, also a title insurance underwriter, is not a party to the aforesaid agency agreement. Third-Party defendant Executive Abstract Corp. ("Executive") was Stewart's limited, non-exclusive, policy-issuing agent.

Plaintiff Fidelity commenced this action in February 2015, alleging, in sum, that Berkshire breached the agency agreement between them by issuing policies in Fidelity's name that failed to except from coverage a particular mortgage, which caused Fidelity to incur expenses in settling certain foreclosure and fraudulent conveyance litigation in connection with the insured Manhattan property. In an earlier sale of the subject Manhattan property, prior to Berkshire's issuance of the policies, Executive had issued a title insurance policy in Stewart's name that did not except from coverage the same mortgage. In 2017, Berkshire commenced a third-party action against Stewart and Executive, asserting, *inter alia*, claims sounding in negligence and contractual and common law indemnification. Fidelity now moves pursuant to CPLR 3212 for partial summary judgment against Berkshire on Counts One (breach of contract) and Two (contractual indemnification) of the Amended Verified Complaint and against Rubin on Count Six (conversion). Berkshire, Rubin, and Wiesel oppose the motion and ilitcross-move for a declaration of a liaby limit pursuant to the agency agreement, a declaration that the indemnity letter from Stewart to Berkshire dated February 27, 2004, is valid and enforceable, and dismissal of all claims against Wiesel under CPLR 3211(a)(7) and/or 3212. Fidelity opposes the cross-motion. Stewart partially opposes the cross-motion.

151658/2015   FIDELITY NATIONAL TITLE vs. BERKSHIRE ABSTRACT & TITLE          Page 2 of 4
Motion No. 008

2 of 4

"To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor, and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact.' Normally, if the opponent is to succeed in defeating a summary judgment motion he, too, must make his showing by producing evidentiary proof in admissible form." *Zuckerman v. New York*, 49 N.Y.2d 557, 562 (1980) (citations omitted).

The record before the court reveals multiple issues of material fact which preclude the granting of summary judgment on Fidelity's motion. For example, Fidelity alleges that Berkshire breached the agency agreement by issuing the subject policies without the required written authorization, but Rubin's testimony that he believed there was written authorization, that he would not have issued the subject policies without authorization, that he was often given verbal authorization, and that he cannot recall if he received verbal confirmation to issue the subject policies, creates issues of fact and credibility. Fidelity also alleges Berkshire and/or Rubin improperly held $100,000 in escrow. "To establish a breach of fiduciary duty, the movant must prove the existence of a fiduciary relationship, misconduct by the other party, and damages directly caused by that party's misconduct." *Pokoik v. Pokoik*, 115 A.D.3d 428, 429 (1st Dep't 2014). Although the escrow funds remain unaccounted for, the parties dispute whether defendants failed to exercise appropriate control or properly released the subject funds.

With respect to the cross-motion, it is untimely, and no excuse is offered except that the cross-moving defendants believed Wiesel would be voluntarily discontinued. That defendants made a "tactical decision" not to move for summary judgment dismissal at the appropriate time does not permit the court to consider the late motion. *Samuels v. Consolidated Edison Co. of New*

151658/2015  FIDELITY NATIONAL TITLE vs. BERKSHIRE ABSTRACT & TITLE
Motion No. 008

Page 3 of 4

3 of 4

[* 3]

*York, Inc.*, WL 898077 (N.Y. Sup. Ct., 2010). *See also Brill v. City of New York*, 2 N.Y.3d 648, 652, 814 N.E.2d 431, 434 (2004). However, even if the court were to accept the cross-motion, issues of fact would warrant its denial. Rubin has testified that Wiesel, as Berkshire's bookkeeper, had check-writing privileges, and that checks were issued from Berkshire's settlement account to or on behalf of Wiesel for her personal expenses. This occurred in the context of the missing escrow funds, and it is the purview of the trier of fact to determine if there is a connection between Wiesel's access to Berkshire's accounts and the missing funds. Additionally, there is a dispute as to the meaning and scope of the February 27, 2004, indemnity letter.

Accordingly, it is hereby

ORDERED that plaintiff's motion is denied; and it is further

ORDERED that defendants Berkshire, Rubin, and Wiesel s' cross-motion is denied.

This constitutes the decision and order of the court

| 12/31/2024 | | | |
|---|---|---|---|
| **DATE** | | **SUZANNE ADAMS, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

151658/2015  FIDELITY NATIONAL TITLE vs. BERKSHIRE ABSTRACT & TITLE
Motion No. 008

Page 4 of 4

[* 4]