| Seaton v Babad |
|---|
| 2025 NY Slip Op 30370(U) |
| January 23, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654196/2021 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

1SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

SIMON SEATON, DEBRA SEATON,

                          Plaintiff,

                  - v -

CHIAM BABAD, CONGREGATION KAHAL MINCHAS
CHINUCH, INC.,PARK 121 REALTY, LLC,

                          Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654196/2021 |
| **MOTION DATE** | 10/27/2024 |
| **MOTION SEQ. NO.** | 011 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 011) 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 281, 283, 284, 285, 286, 287, 288, 289

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER                    .

Upon the foregoing documents, the plaintiffs' motion (Mtn. Seq. No. 011) is granted on the issue

of liability as set forth below.

### THE RELEVANT FACTS AND CIRCUMSTANCES

This is a derivative action.  Simon Seaton and Debra Seaton, in their derivative capacities as

investors and members of Park 121 Realty, LLC (**Park**), seek damages on behalf of Park against

Chiam Babad and New York religious corporation Congregation Kahal Minchas Chinuch

(**Congregation**) arising from the following alleged actions stated in the third amended complaint

(the **TAC**; NYSCEF Doc. No. 287) of Mr. Babad in his individual capacity and as the president

and signatory of Congregation:

21. By reasons of the allegations set forth above, the Plaintiffs, derivatively, on behalf of
nominal defendant PARK, have been and continue to be irreparably harmed by
Defendant BABAD, who has recently borrowed, in his capacity as Managing Member

**654196/2021   SEATON, SIMON ET AL vs. BABAD, CHIAM ET AL**               **Page 1 of 4**
**Motion No.  011**

1 of 4

[* 1]

and fiduciary a further loan of FOURTEEN MILLION ($14,000,000.00) DOLLARS that added additional debt to Defendant PARK and then, paid all of the net proceeds, in excess of ONE MILLION ($1,000,000.00) DOLLARS to the CONGREGATION, his alter ego, in violation of his statutory and contractual obligations and fiduciary responsibilities

….

24. Defendant BABAD has, upon information and belief, diverted and converted funds to his own personal use; has allegedly received kick-backs for payments to alleged contracts; has improperly failed to arrange timely and appropriate mortgages solely for his own personal benefit both in his individual capacity and as the President of the Board of Directors and signatory on behalf of alter ego and co-defendant CONGREGATION; he has used and converted company funds to pay premiums for his insurance policy business, has used the nominal defendant [PARK's] assets as collateral to obtain a personal loan for his daughter, together with many other instances of conversion that will be proven at trial

(NYSCEF Doc. No. 287 ¶¶ 21, 24).

As relevant to the instant motion, reference is made to a prior Order of the Court, dated January 13, 2022 (NYSCEF Doc. No. 76), where the Court appointed a receiver (the **Receiver**) to operate the business of Park and a second prior Decision and Order of the Court, dated December 17, 2024 (NYSCEF Doc. No. 302), where the Court *inter alia* approved the Receiver's interim accounting and authorized certain payments.

The TAC sets forth four causes of action: (i) against Mr. Babad for breaches of fiduciary and other responsibilities to Park; (ii) against all defendants for participating in a common course of conduct and concerted action damaging Park; (iii) against Mr. Babad and Congregation for aiding and abetting breaches of one another's duties to Park; and (iv) against Mr. Babad for negligence (NYSCEF Doc. No. 287 at 11-16).

**654196/2021   SEATON, SIMON ET AL vs. BABAD, CHIAM ET AL**
**Motion No.  011**

**Page 2 of 4**

2 of 4

## DISCUSSION

As an initial matter, although the plaintiffs claim that they are entitled to summary judgment on a cause of action sounding in fraudulent inducement, the plaintiffs did not bring a cause of action sounding in fraudulent inducement. In addition, this is not a derivative claim. Accordingly, as to this new cause of action, summary judgment is denied.

On a motion for summary judgment, the movant bears the burden of demonstrating that there is no triable issue of material fact such that the movant is entitled to judgment as a matter of law (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The opposing party must then "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" that its claim rests upon (*Zuckerman v New York*, 49 NY2d 557, 562 [1980]).

To establish a breach of fiduciary duty, the plaintiff must demonstrate (i) the existence of a fiduciary duty, (ii) misconduct by the other party, and (iii) damages caused by that misconduct (*Pokoik v Pokoik*, 115 AD3d 428, 429 [1st Dept 2014]).

The plaintiffs have met their burden of coming forward with sufficient evidence to establish that (i) Mr. Babad, as a managing member himself, owed fiduciary duties to Park and its members, (ii) he breached those duties by *inter alia* engaging in self-dealing by advancing the interests of Congregation at the expense of Park, failing to even attempt to finance Park through institutional lenders at a reasonable rate of interest as required in the Operating Agreement (NYSCEF Doc. No. 256 § 14 [b]), and instead borrowing the money from Congregation, a corporation in his control, and (iii) this misconduct caused damages to Park. In their opposition papers, the

**654196/2021    SEATON, SIMON ET AL vs. BABAD, CHIAM ET AL**          **Page 3 of 4**
**Motion No.  011**

3 of 4

[* 3]

defendants fail to raise an issue of fact warranting trial. Indeed, the defendants only filed the brief affirmation of Brendan C. Kombol indicating that the defendants had tried to adjourn this motion and arguing that the motion was premature and procedurally improper.

As such, the plaintiffs' motion for summary judgment is granted to the extent that the defendants are liable to Park for breach of fiduciary duty. It would appear that trial is required on the issue of damages.[1]

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is ORDERED that the plaintiffs' motion for summary judgment is GRANTED solely to the extent set forth above; and it is further

ORDERED that the issue of damages shall be determined at trial; and it is further

ORDERED that a Status Conference is scheduled for February 25, 2025 at 12:00 pm.

_20250123124437AB0RR0K8FE991226E574674A402C4CA1D8215E7_

**1/23/2025**
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] The Receiver did not file any papers in connection with this motion. I It is thus not clear whether any information reviewed by the forensic accountant would be relevant to the issue of damages. Accordingly, the Court may, after receiving input from the Receiver at the status conference scheduled for February 25, 2025 at 12:00 pm, issue a supplemental order as to damages mooting the need for trial.

**654196/2021   SEATON, SIMON ET AL vs. BABAD, CHIAM ET AL**                              **Page 4 of 4**
**Motion No. 011**

[* 4]