Castle Vil. Owners Corp. v Girardi (2026 NY Slip Op 01153)

Castle Vil. Owners Corp. v Girardi

2026 NY Slip Op 01153

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 654284/23|Appeal No. 5979|Case No. 2025-04941|

[*1]Castle Village Owners Corp., Plaintiff-Appellant,
vGuillermina Girardi, Defendant-Respondent.

Seyfarth Shaw LLP, New York (Ingrid C. Manevitz of counsel), for appellant.
Guillermina Girardi, respondent pro se.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about June 25, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its claims and dismissing defendant's counterclaims, unanimously reversed, on the law, without costs, the motion granted, and it is declared that under the terms of the proprietary lease, defendant shall provide plaintiff with access to defendant's apartment to repair the leak, at defendant's expense.
Plaintiff cooperative apartment corporation made a prima facie showing that there was a leak in the shower pan in defendant's apartment that caused water damage to the apartment below based on photographs and the affidavits of the assistant superintendent and the resident of the apartment with the water damage. Plaintiff correctly asserts that under the proprietary lease, defendant was required to repair the leak or grant it access to her apartment to make the necessary repairs, and she failed to comply (see 24-26 East 82nd St. Tenants Corp. v Bell, 248 AD2d 277 [1st Dept 1998], lv dismissed 92 NY2d 877 [1998]).
Defendant presented some evidence that the leak was nonexistent based on inspections by the New York City Department of Housing Preservation and Development. However, plaintiff correctly notes that the determination as to the manner and extent of repairs is generally protected by the business judgment rule (see Berenger v 261 W. LLC, 93 AD3d 175, 184 [1st Dept 2012]).
While the business judgment rule permits review of board decisions where the challenger demonstrates that the board's action deliberately singled out individuals for harmful treatment (see Pokoik v Pokoik, 115 AD3d 428, 430 [1st Dept 2014]), defendant presented no evidence, other than speculation, that she was singled out for unequal treatment due to a dispute over gas pipe work in her apartment and her subsequent filing of an action against plaintiff based on that dispute.
Plaintiff's motion for summary judgment dismissing defendant's counterclaims should have been granted, as the claims fail to state causes of action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026